### VAN WAGENEN v. A. L. REED CO. et al.

(District Court, E. D. New York.  December 19, 1922.)

1. Equity ⊂⇒148(4)—Complaint held to state single cause of action within equity jurisdiction.

A complaint stating that defendant corporation and stockholders agreed to give him certain stock on compliance with certain condition, and that he was wrongfully discharged, with the fraudulent purpose of depriving him of the shares of stock to which he was entitled, and asking for 11 specific forms of relief, in addition to the general prayer for such other and further relief as may be just and equitable, *held* to state a single cause of action within equity jurisdiction, and a motion by defendants for an order directing plaintiff to separately state and number alleged causes of action was without merit; plaintiff's claims that he was entitled to damages by reason of his discharge and to unpaid salary and commissions

being but incidental to the equitable relief sought; and immaterial on the question of equity jurisdiction.

2. Equity ⚫☞377—Jury trial of issue may be had.

If an issue arises in an action in equity that is triable by jury, a jury trial on that issue may be had.

3. Equity ⚫☞148(3)—Various forms of relief may be demanded in same bill.

Various forms of equitable relief may be properly demanded in the same bill.

See, also, 287 Fed. 148.

Dawes, Abbott & Littlefield, of New York City (Hamilton M. Dawes, of New York City, of counsel), for plaintiff.

Finis E. Montgomery, of New York City, for defendants.

GARVIN, District Judge. This is a motion by defendants for an order directing plaintiff to separately state and number the alleged causes of action set forth in the bill of complaint. The complaint sets forth in detail the relations between plaintiff and defendants, and asks for 11 specific forms of relief, in addition to the general prayer for such other and further relief as may be just and equitable.

Plaintiff alleges that each individual defendant is an officer, stockholder, and director of the defendant A. L. Reed Company, which is engaged in the business of manufacturing and selling hand bags, pocketbooks, and fancy leather goods; that for many years prior to 1915 plaintiff had been a salesman for manufacturers of the kind of goods made and sold by the defendant company; that during the latter part of the year 1915 plaintiff and defendant Arthur L. Reed, acting on his own behalf and on that of defendant company, of which he was the principal stockholder, conducted negotiations looking to plaintiff's becoming a salesman for and stockholder in defendant company, during which negotiations plaintiff and Reed agreed that if plaintiff would enter the company's employ and demonstrate his ability as a salesman during 1916 and 1917, he should then have a stock interest in defendant company in addition to his salary and other compensation as salesman therefor. At the same time it was further similarly agreed that plaintiff should have an audit made of the books of defendant company and a balance sheet thereof taken off. This was done, and the company's condition was such that plaintiff felt justified in entering its employ. Thereafter, and on January 22, 1916, plaintiff and defendant company made two contracts, one of employment for the balance of the year 1916, beginning February 1, and for the year 1917, which provided for a change in his compensation in the event that he should purchase a part of the capital stock of the company; the other provided for plaintiff having a right or option to acquire a part of the stock of said company.

The complaint further alleges that plaintiff entered upon his duties as salesman and performed all his obligations under the contract of

employment, but that he was prevented from discharging his duties properly by the actions of the defendants Arthur L. Reed and A. L. Reed Company; that at the end of the year 1917, and early in January, 1918, a question having arisen between plaintiff and Arthur L. Reed as to whether plaintiff had complied with all the conditions of the contract of employment, a new agreement was made between plaintiff and Reed, to take the place of said contract of employment, all questions respecting the performance of the terms of the latter contract being waived; that plaintiff at once entered upon the performance of the second contract of employment and complied with all the terms thereof, including certain modifications by mutual agreement, except in so far as he has been prevented by defendant Arthur L. Reed and the A. L. Reed Company; that on October 2, 1922, said Arthur L. Reed discharged plaintiff without cause, from the employ of said A. L. Reed Company; that plaintiff has at all times been ready and willing to continue the performance of said contracts; that plaintiff is entitled to receive 50 shares of stock of said A. L. Reed Company under the second contract of employment; that defendant Arthur L. Reed discharged plaintiff fraudulently, and for the sole purpose of depriving him of the rights to said stock under said contract; that the sole directors and stockholders of said company, with their respective holdings of stock therein, are as follows: Arthur L. Reed 59 per cent., Jennie A. Reed 21 per cent., plaintiff 20 per cent.; that between January 25, 1918, and October 2, 1922, plaintiff's sales for each year had been on a basis which, under the second contract of employment, would make available and due to plaintiff, dividends, net profits, and earnings of defendant company, a sum more than sufficient to enable plaintiff to pay said Arthur L. Reed the sale price of said 50 shares of stock, all of which was provided by the terms of said contract; that the defendant Arthur L. Reed and defendant company refuse to recognize the claims of plaintiff, and assert that plaintiff has lost all rights by reason of said discharge, which discharge plaintiff alleges was fraudulent; that the defendant Jennie A. Reed acquiesced and approved of all of the acts hereinbefore set forth.

[1-3] This statement of the contents of the complaint is not complete, but it sets forth in a fairly comprehensive form the basis of plaintiff's claim. It is an action for fraud, and that of a character for which plaintiff can have no adequate relief in an action at law. Plaintiff claims that he is entitled to damages by reason of his discharge and to unpaid salary and commissions from defendant company. They are but incidental to the equitable relief sought, and are immaterial upon the question of equity jurisdiction. Elec. Boat Co. v. Lake Torpedo Boat Co. (D. C.) 215 Fed. 377; Goldschmidt Thermit Co. v. Primos Chemical Co. (D. C.) 225 Fed. 769; Wright v. Barnard (D. C.) 233 Fed. 329. If an issue arises that is triable by jury, a jury trial of that issue may be had. Colleton Mercantile and Manufacturing Co. v. Savannah River Lumber Co. (C. C. A.) 280 Fed. 358, 363. An accounting will be necessary to show how much is due on salary from earned commissions. Various forms of equitable relief may be properly demanded in the same bill. Boyd v. N. Y. & H. R. Co. (D. C.) 220 Fed. 174.

In view of the allegations of the bill, it does not appear to be necessary to consider any contention that the various parties defendant are improperly joined.

Motion denied.