## VAN WAGENEN v. A. L. REED CO. et al.

(District Court, E. D. New York. February 23, 1923.)

Equity ⬅262—Plaintiff not required to elect between causes of action before answer.

 Plaintiff in equity cannot be required before answer to elect on what cause or causes. of action he will proceed to trial.

In Equity. Bill by Edward W. Van Wagenen against the A. L. Reed Company and others. On motions for an order dismissing the bill and for other relief. Motions denied, without prejudice.

See, also, 287 Fed. 145.

Dawes, Abbot & Littlefield, of New York City (Hamilton M. Dawes, of New York City, of counsel), for plaintiff.

Finis E. Montgomery, of New York City, for defendants.

GARVIN, District Judge. This matter is now before the court upon an application for the following relief, as disclosed by the notice of motion:

"(1) For an order dismissing the bill of complaint as to all of the defendants, on the ground that causes of action have been improperly joined therein, which arise out of separate and distinct subject-matters, and under which liability is not asserted against all of the defendants, and some of which are not cognizable in equity; or

"(2) For an order dismissing the bill of complaint as to the defendant Jennie A. Reed, upon the ground that it does not state facts sufficient to constitute a cause of action of any kind against her, or striking out her name as a party defendant herein; and

"(3) If it be held that the bill states a cause of action in equity based upon alleged fraudulent conduct on the part of one or more of the defendants, then for an order dismissing the bill as to such of the defendants against whom liability is not asserted thereunder; and

"(4) For a further order striking out of the bill all allegations in paragraphs fourth to tenth, inclusive, of the bill, together with Exhibit A, and all other allegations relating to causes of action or to matters not directly relevant to the said action for fraud, or which may be unnecessary to a short and simple statement of the ultimate facts upon which the plaintiff asks relief; and

"(5) For an order compelling plaintiff to elect whether he will proceed to enforce such action for fraud, or whether he will proceed to enforce the causes of action arising out of one or the other of the two subject-matters, Exhibit C or the contract of employment alleged in paragraph thirteenth, to the exclusion of all other causes of action alleged in the bill; and

"(6) For an order requiring plaintiff to serve a further and better statement of his cause or causes of action, and for such other and further order or direction as the court may deem proper under the rules of practice in equity, to fully advise the defendants of the issue or issues to be met, and to enable the several defendants to avail themselves of the usual and customary pleas and motions with respect to the said bill."

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This has been argued at some length and briefed with care.

With respect to the first motion, I appreciate the requirements of equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi); but the difficulty with which I find myself confronted is that I am still of the opinion that this suit is based upon one cause of action. It may be true that a recital of all the facts by which the relation of the parties is disclosed reveals additional and what may be characterized as "incidental" causes of action, yet they are all subordinate to the outstanding acts of fraud and bad faith upon which plaintiff bases his right to relief. As I read the bill of complaint, it would be difficult, if not impossible, to set forth all the facts necessary to be proved in order to entitle complainant to a decree, without a recital of alleged acts by one or more defendants, which of themselves would give rise to one or more actions at law. The recent case referred to by complainant—Commodores Point Terminal Co. et al. v. Hudnall et al. (D. C.) 283 Fed. 150—is authority for the proposition upon which complainant relies, and which I believe justifies a denial of the first motion.

The second motion seeks a dismissal as to defendant Jennie A. Reed. This question has been disposed of by my previous decision (287 Fed. 145), with which I am unable to find that I should interfere.

The third motion is intended to secure a dismissal as to those defendants against whom no liability is asserted. Having already held that a cause of action against all defendants appears, the motion must be denied.

The next relief sought is an order striking out all allegations set forth in paragraphs of the bill numbered fourth to tenth, inclusive, together with Exhibit A and—practically—all other irrevelant matter. On argument it was conceded that the final demand need not be considered. I am of the opinion that the allegations and exhibit in question are material to show the dealings between the parties, and that they are all relevant to the main issue.

The fifth motion seeks to compel plaintiff to elect at this time upon what cause or causes of action he will proceed to trial. Certainly this cannot be required before answer.

The sixth motion asks for an order requiring plaintiff to serve a further and better statement of his cause or causes of action. This question has been submitted to the court heretofore, and defendants' right to the relief sought denied.

While the foregoing views are set forth with some brevity, it is not to be understood that this application has not received the most careful consideration. I am less disturbed by the possibility of an erroneous conclusion (if such be the final determination), resulting in any prejudice to defendants, because all the questions involved may be included in a pleading which also goes to the merits. Furthermore, in denying this application, I shall do so without prejudice to a resubmission of the questions involved by answer or demurrer.

I am of the opinion that my conclusions are correct, and will be sustained, when the bill is carefully analyzed by an appellate tribunal, and yet I desire that any other judge who may be called upon to determine the questions involved may consider them de novo. This is for two reasons: First, defendants' counsel has at all times insisted earnestly

and impressively upon the serious prejudice that this result occasions to the defendants, having argued the matters involved at length and briefed them elaborately; and, second, defendants' brief suggests that one of the judges of the Circuit Court of Appeals, during the argument of an attempted review of an order heretofore made herein, indicated that defendants are entitled to at least a part of the relief now sought.

Motions denied without prejudice, as indicated.