### CURTIS v. CONNLY et al.

(Circuit Court of Appeals, First Circuit. March 4, 1920.)

No. 1439.

1. Appeal and error ⊕⟾79 (1)—Suit against bank directors for losses several for purpose of appeal.

A suit in equity by the receiver of a national bank against former directors to charge them with personal liability for losses is several as to each defendant, and a decree in favor of any defendant is final as to him, and appealable.

2. Banks and banking ⊕⟾254—Limitation of actions ⊕⟾100 (7)—Suit against directors barred by laches of bank.

A suit by the receiver against former directors of a national bank, to charge them with liability for losses due to their misfeasance or nonfeas-

⊕⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ance, *held* barred, either by limitation, under Gen. Laws R. I. c. 284, § 7, or by laches, where the bank was solvent when defendants retired from office, and succeeding directors, with knowledge of all the facts and without collusion with defendants, failed to bring suit within the time limited by statute.

3. **Corporations** ☞342—**Directors not insurers of fidelity of successors.**

Directors are not insurers of the fidelity of their successors, who come upon the board unembarrassed by participation in any previous questionable transactions.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit in equity by Rensselaer L. Curtis, receiver of the Atlantic National Bank, against John J. Connly and others. From a decree in favor of certain defendants, complainant appeals. Affirmed.

For opinion below, see Curtis v. Metcalf, 259 Fed. 961.

Edward F. McClennen, of Boston, Mass. (George H. Huddy, Jr., and Huddy, Emerson & Moulton, all of Providence, R. I., and Dunbar, Nutter & McClennen, of Boston, Mass., on the brief), for appellant.

William W. Moss, Arthur M. Allen, Edward A. Stockwell, Percy W. Gardner, and Claude R. Branch, all of Providence, R. I. (Rathbone, Gardner, Gardner, Pirce & Thornley, Green, Hinckley & Allen, Edward P. Jastram, Edwards & Angell, and John S. Murdock, all of Providence, R. I., on the briefs), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Careful consideration of the appellant's able argument and examination of the authorities cited fail to convince us that the court below erred in holding that the statute of limitations bars the right of action against these six defendants.

[1] A question of jurisdiction calls for brief comment. The defendants contend, rather faintly, that the decision is not now appealable, on the ground that the decree in their favor is not a final decree. We think this contention is without merit. On the allegations of the bill, each defendant is under a separate liability, and a separate action of law might have been brought against him. The decree in favor of these six defendants is therefore a final decree, from which an appeal lies under the statute. U. S. Comp. Stat. 1916, § 1120; Hill v. Chicago, etc., R. R., 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331. We agree with counsel for the plaintiff that each defendant is under a several liability; that, in effect, we are dealing with 21 lawsuits combined into one equity suit.

It would serve no useful purpose to elaborate—largely to repeat in other words—the reasons set forth in the learned opinion of the District Court (Curtis v. Metcalf et al., 259 Fed. 961) for the conclusion there reached and now affirmed.

[2] The gist of the case may be stated in a few sentences: When these six defendants ceased to be directors, the bank was still solvent. The rights of no creditor had then been impaired. This fact negatives any possible contention, concerning the validity of which no opinion is intimated, that the receiver has, as against these defendants, any other

or greater rights than accrued to the corporation, and through it to its stockholders. Thereafter at least 11 new directors were chosen, who had had no part in the wrongdoings charged against these retiring defendants. Every director remaining or succeeding knew of the wrongs to the bank participated in by these defendants, and is charged with additional liability for failure to collect damages therefor from these defendants. No collusion between these 6 defendants and the old directors or the new directors is alleged. The bank, therefore, knew of the cause of action against them, and failed for more than 6 years to bring suit. 1 Morse on Banks (4th Ed.) § 134; 10 Cyc. p. 1057; Nat. Sec. Bank v. Cushman, 121 Mass. 490. Under these circumstances, we think the action barred, whether the question be tested under the strict provisions of General Laws of Rhode Island, c. 284, § 7 (McClaine v. Rankin, 197 U. S. 154, 25 Sup. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500), or under the broader and more flexible rule laid down in Kirby v. Lake Shore R. R., 120 U. S. 130, 136–138, 7 Sup. Ct. 430, 30 L. Ed. 569, Exploration Co. v. U. S., 247 U. S. 435, 38 Sup. Ct. 571, 62 L. Ed. 1200, and Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636.

The basic misrepresentations complained of consisted in carrying assets known to be bad on the books as good at face value, with resultant false reports to the Comptroller, to the stockholders, and to the general public. But these misrepresentations by these defendants ceased when these defendants ceased to be directors. They made thereafter no attempt to conceal the truth from their successors or from any one else. They did not in fact conceal the true condition from either the old or the new directors, all of whom knew all the facts. The facts were also easily discoverable by competent and careful bank examiners.

Nor can the contention made, not with much apparent confidence, that the statute did not begin to run in favor of the retiring directors until the bank passed into the control of a board, the majority of whom had not participated in the wrongs alleged against the retiring members, be sustained. Under such a rule, the statute would not in the case at bar be applicable to these 6 defendants. But, as already noted, the retiring directors are not charged with collusion or conspiracy after their retirement, either with their former associates or with the new directors. Without such collusion or conspiracy, the wrongdoing of each of these 6 defendants ended when he retired; it cannot be projected forward for an indefinite period, except through some subsequent act of each defendant. It was within the power of the bank to have removed the entire board when it knew, as it did, through the new directors, of the wrongs participated in by the old board. The 6 who retired cannot be held responsible for the control of the corporation, when they had nothing whatever to do with that control. Such a rule, if adopted, would be as applicable after 17 years' (or any other number of years) retirement as after 7 years' retirement. All the evils of stale claims, asserted after material facts have been forgotten, important witnesses have died or become otherwise unavailable, exonerating papers been destroyed or lost, would be let loose. Compare Wood v.

Carpenter, 101 U. S. 135, 139 (25 L. Ed. 807), where Mr. Justice Swayne said:

"Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together."

[3] "Directors are not insurers of the fidelity of their codirectors." 1 Morawetz on Corps. § 561. A fortiori, they are not insurers of the fidelity of their successors, who come upon the board unembarrassed by participation in any previous questionable transactions.

In addition to cases cited below, see Bowerman v. Hamner, 250 U. S. 504, 39 Sup. Ct. 549, 63 L. Ed. 1113; Jones Nat. Bank v. Yates, 240 U. S. 541, 36 Sup. Ct. 429, 60 L. Ed. 788; Yates v. Jones Nat. Bank, 206 U. S. 158, 179, 27 Sup. Ct. 638, 51 L. Ed. 1002; Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924, 35 L. Ed. 662; Boone County v. Burlington Railroad, 139 U. S. 684, 693, 11 Sup. Ct. 687, 35 L. Ed. 319; O'Brien v. McSherry, 222 Mass. 147, 109 N. E. 904; Terry v. Davenport, 185 Ind. 561, 112 N. E. 998; Jackson v. Jackson, 149 Ind. 238, 47 N. E. 963; Strout v. United Shoe Machinery Co. (D. C.) 208 Fed. 646; Hall v. Penn. R. R., 257 Pa. 54, 63, 100 Atl. 1035, L. R. A. 1917F, 414; Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174; Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636; Rosenthal v. Walker, 111 U. S. 185, 4 Sup. Ct. 382, 28 L. Ed. 395; Traer v. Claws, 115 U. S. 528, 6 Sup. Ct. 155, 29 L. Ed. 467; Greenfield Bank v. Abercrombie, 211 Mass. 252, 97 N. E. 897, 39 L. R. A. (N. S.) 173, Ann. Cas. 1913B, 420; Emerson v. Gaither, 103 Md. 564, 64 Atl. 26, 8 L. R. A. (N. S.) 738, 7 Ann. Cas. 1114; Sperings Appeal, 71 Pa. 11, 10 Am. Rep. 684; Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402.

Greenfield Bank v. Abercrombie, supra, is plainly distinguishable. On analysis it is an authority for the defendants; for the opinion shows clearly that the court there held, under the provisions of the Massachusetts savings bank statutes, the defendants liable as ordinary trustees of a direct trust, thus carefully distinguishing their liability from the liability of directors.

Rankin v. Cooper, 149 Fed. 1010, and National Bank of Commerce v. Wade, 84 Fed. 10, are two District Court cases, which are, we think, distinguishable on the facts. But, if not distinguishable on the facts, we regard them as not reconcilable with the large number of decisions of courts of appeal and of state courts of last resort, as well as with the principles laid down by the Supreme Court of the United States in Wood v. Carpenter, Rosenthal v. Walker, supra, and cases cited in those opinions.

The decree of the District Court is affirmed, with costs in this court.