**ADAMS et al. v. CLARKE.**

Circuit Court of Appeals, Ninth Circuit.
December 5, 1927.

No. 5247.

1. **Banks and banking ⬤⟹254—Suit by receiver against directors of national bank for making illegal loans may be maintained in equity, where there are a number of defendants (12 USCA § 93).**

Suit in equity may be maintained by receiver of national bank against directors, under Rev. St. § 5239 (12 USCA § 93), to enforce their personal liability for knowingly making excessive loans, where there are a number of defendants.

**2. Trial ⬅️11(3)—Objection to trial in equity is waived by failure to move for transfer until case is called for hearing.**

Objection to trial of cause in equity is waived by failure to move for transfer until case is called for hearing.

**3. Limitation of actions ⬅️58(5)—Limitation does not begin to run against suit to charge directors of national bank with liability for making excessive loans while they are in control.**

Limitation does not begin to run against suit to charge directors of national bank with personal liability for making excessive loans, so long as defendants remain in control.

**4. Banks and banking ⬅️253—Directors of national bank, making excessive loans, cannot require receiver to apply collections made to excess.**

Where a national bank makes an excessive loan, the participating and assenting directors at once become personally liable to the bank for the entire amount, and cannot require a receiver to apply collections made thereon in reduction of the excess, and their exoneration if the amount is reduced within the legal limit.

Appeal from the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Suit in equity by China R. Clarke, as receiver of the First National Bank of Sidney, Mont., against W. D. Adams and others. Decree for complainant, and defendants appeal. Affirmed.

Ransom Cooper, Sam Stephenson, and W. H. Hoover, all of Great Falls, Mont., for appellants.

George E. Hurd and H. C. Hall, both of Great Falls, Mont., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The First National Bank of Sidney, Mont., was closed, and the appellee was appointed receiver thereof, on February 26, 1924. He brought this action against the appellants, former directors of the bank, to recover losses sustained by reason of excess loans made to M. A. Wilson and L. H. Turner, and to the partnership of Wilson-Turner Stock Farms, of which they were the only members. During the entire period covered by the loans, Turner was either assistant cashier or cashier of the bank, and all of the defendants were continuously its directors, and its only directors, and were also holders of a majority of its capital stock. The receiver did not and does not rely upon common-law negligence, but exclusively upon violations of the provisions of section 5200 (12 USCA § 84), and upon section 5239, R. S. U. S. (12 USCA § 93),

which declare that the total liabilities to a national bank of any person, company, or firm, for money borrowed, "including, in the liabilities of a company or firm, the liabilities of the several members thereof," shall at no time exceed 10 per centum of the capital stock of the bank, and that, if any of the directors shall knowingly violate or knowingly permit the violation of this provision every participating or assenting director shall be held personally liable for such damages as the bank, or the stockholders, or any other person shall have suffered as a consequence. It is not disputed that the excess loans were knowingly made or assented to by defendants as charged, and the court below found that the net loss to the bank resulting therefrom amounted to $6,244.26, besides interest, or a total of $11,134.52 on March 10, 1927, upon which date judgment was entered for that amount in favor of the receiver and against all the defendants jointly and severally.

[1] The appealing defendants interpose the objection that the action should have been tried as one at law instead of in equity. Were there but a single defendant, admittedly, that view would be correct. Corsicana National Bank v. Johnson (C. C. A.) 218 F. 822. Where, however, the defendants are numerous, similar actions have been entertained on the equity side of the court. Illustrative are McCormick v. King (C. C. A.) 241 F. 737; Bowerman v. Hamner, 250 U. S. 504, 39 S. Ct. 549, 63 L. Ed. 1113; Curtis v. Connly (C. C. A.) 264 F. 650; Id., 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222; Curtis v. Metcalf (D. C.) 259 F. 961; Id. (D. C.) 265 F. 293; Bailey v. Babcock (D. C.) 241 F. 501. See, also, Brown v. Allebach (C. C.) 156 F. 897.

[2] But, however that may be, defendants did not present to the lower court their request for a transfer to the law side until after the cause was actually called for trial upon the equity calendar, and we think they thus waived such right, if any, as they may have had. Greenberg v. Penn. Trust Co. (C. C. A.) 19 F.(2d) 824; Rosenthal v. Heller (D. C.) 266 F. 563. The point, as we understand, is seriously pressed only in the bearing it has upon the applicability of the statute of limitations. In brief, defendants' position seems to be that, if such an action is maintainable upon the equity side of the court for no reason other than to avoid a multiplicity of suits, the cause of action is in essence one at law, and in applying the statute of limitations it should be so regarded. For the purposes of the decision we accept

this view without discussion. Bank of United States v. Daniel, 12 Pet. 32, 9 L. Ed. 989; Metropolitan Nat. Bank v. St. Louis Dispatch Co., 149 U. S. 436, 13 S. Ct. 944, 37 L. Ed. 799; Curtis v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222.

In like manner we accept the further view that such causes of action are subject to the application of state statutes of limitations. Curtis v. Connly, supra. The statute relied upon by appellants is section 9061 of the Revised Codes of Montana of 1921, which provides that actions like this "must be brought within three years after the discovery by the aggrieved party of the facts upon which * * * the liability was created."

[3] This suit was commenced on August 6, 1925, and the majority of the excess loans involved were made more than three years prior thereto. The cause of action in such a case is deemed to have arisen when the excess loan was made. Corsicana National Bank v. Johnson (C. C. A.) 218 F. 822; Id., 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141. And apparently the bank is chargeable with knowledge disclosed by its records and the information possessed by its directors. Curtis v. Connly, supra. But here, during the entire period in question, defendants not only held a majority of the capital stock, but constituted the entire board of directors. As trustees in exclusive control of the bank's affairs, they cannot take advantage of inaction for which they alone are responsible. Morse on Banks (5th Ed.) § 125; 37 C. J. 725; National Bank of Commerce v. Wade (C. C.) 84 F. 10; Rankin v. Cooper (C. C.) 149 F. 1010; Ventress v. Wallace, 111 Miss. 357, 71 So. 636, L. R. A. 1917A, 971; Williams v. McKay, 40 N. J. Eq. 189, 53 Am. Rep. 775; Boyd v. Mutual Fire Association, 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, 61 L. R. A. 918, 96 Am. St. Rep. 948; Ellis v. Ward, 137. Ill. 509, 25 N. E. 530; Bremer v. Williams, 210 Mass. 256, 96 N. E. 687.

In Cooper v. Hill (C. C. A.) 94 F. 582, Corsicana National Bank v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141, and Curtis v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222, it is pointed out that the defendants sought to be charged did not continue in full control of the bank up to the time it closed, but that, though under no disability, it failed to take action during the limitation period. In the last case, commenting upon a suggestion that the defendants "stood in a fiduciary relation to the bank," the court said: "But they were strangers to it when they left the board, more than six years before this suit was brought." Our conclusion is that the action was not barred as to any of the excess loans involved.

[4] The remaining point urged is that the judgment is excessive. The liabilities of the firm of Wilson & Turner and of the two members thereof reached a maximum aggregate of $24,975. This amount apparently includes interest, but it is unnecessary to make a careful analysis of the figures, or a detailed explanation of the several loans, for, as we understand, defendants do not challenge the correctness of the amount of the judgment, if the general theory or measure of damages adopted by the court was right. The capital stock of the bank was $100,000, and hence, under the statute hereinbefore referred to, these liabilities could not lawfully aggregate in excess of $10,000. Recoveries have been made of $15,000 on account of principal.

Appellants' contention is that these recoveries should have been first applied to the discharge of the excess loans, and only the residue, if any, to the legitimate loans. It may be conceded that, if bank officers in good faith make a legitimate loan and as a distinct transaction thereafter make an excess loan, their liability is limited to the loss resulting from the latter. Corsicana National Bank v. Johnson, supra. But we are not advised by the record that the defendants are, by the judgment complained of, charged with any loss resulting from loans up to the $10,000 limit. In case of an excess loan, the derelict director at once becomes liable to the bank for the amount thereof, and if any part of it has been recovered from the borrower, the burden is upon such director claiming credit therefor to show that fact. In the Corsicana Bank Case the court expressly held that, when a director parts with the money of his bank upon an excess loan, he immediately becomes liable for the amount thereof, the damage as well as the injury being immediately complete, and the bank is not obliged to await the maturity of the notes taken for the excess loan, because it at once becomes "the duty of the officers or directors who knowingly participated in making the excessive loan to undo the wrong done by taking the notes off the hands of the bank and restoring to it the money that had been loaned." The responsible officials, it was held, have no right to require the bank to pursue its remedies against the borrower or await the liquidation of their estates. The liability imposed by the statute

is a direct liability, not contingent or collateral. And it was further decided that, where a single loan is made, which in part is excessive, the participating or assenting director becomes liable for the entire amount of the loan.

It is not pointed out in the briefs, nor have we discovered in the record, that there was any specific payment upon any one of the several excess loans, and if what we infer was probably the case, the recoveries embraced in the total of $15,000 were upon general account, we think the receiver had the right to apply them first to the payment of the legitimate loans.

No error appearing, the judgment is affirmed.