## SCHILLING v. PARMAN et al.

District Court, D. Oregon. September 17, 1928.

No. 8967.

Jay H. Upton, of Bend, Or., and J. O. Bailey, of Portland, Or., for plaintiff.

Jay Bowerman and Frederick M. De Neffe, both of Portland, Or., for defendants.

BEAN, District Judge. The National Bank of Condon became insolvent and closed its doors on November 30, 1923. The defendants were directors of the bank and in control of its affairs. The plaintiff, as receiver, brought this suit in May, 1928, to recover losses which it is alleged had been sustained by the bank on account of loans in excess of the prescribed limit, alleged to have been made or intentionally permitted or assented to by the defendants. Practically all of the loans in question were made more than six years prior to the commencement of the suit. The defendants challenge the complaint on the ground that the cause of suit is barred by the statute of limitations.

The banking law provides that the borrowing limit from a national bank of any person or company, corporation, or firm, including the liability of the several members thereof, shall at no time exceed 10 per centum of the unimpaired capital and surplus of the bank (section 84, vol. 12, USCA), and that, if the directors of a bank shall knowingly violate or knowingly permit any officer, etc., of a bank to violate the banking law, every director who participates in or assents to the same shall be liable in his personal and individual capacity for all damages which the association shall have sustained in consequence of such violation. Section 93, vol. 12, USCA.

It is clear, therefore, that every director of a national bank who makes a loan of its funds in excess of the limit permitted by the law, or knowingly and intentionally permits any officer of the bank to do so is personally liable for all damages which the bank may sustain in consequence thereof.

■■ There is, however, some confusion in the authorities as to whether the statute of limitations begins to run in favor of the directors at the time the excess loan is made, or not until there is a loss to the bank or a change in the management. It is said by Mr. Justice Pitney in Corsicana National Bank v. Johnson, 251 U. S. 86, 40 S. Ct. 82, 64 L. Ed. 141, that the cause of action against an offending director accrues at the time the loan is made, and the bank is not required to wait the maturity of the note or the liquidation of the borrower's estate before bringing a suit. The statement of the learned justice, although it does not seem to have been necessary to a decision of the case before the court, is of course entitled to very great respect. If,

however, the statute of limitations commences to run, regardless of the circumstances, at the time of the loan, it will enable the directors of a bank to escape liability for their wrongful acts if they remain in control of the bank during the time prescribed by the statute. Directors are not trustees of an express trust, but they are trustees of an implied or resulting trust, created by operation of law on their official relation to the bank. Cooper v. Hill (C. C. A.) 94 F. 582. Their possession and control of the bank is the possession and control of their cestui que trust. As long as that relation exists, there can be no assertion of an adverse claim by the bank, or a suit brought to remedy the wrong.

As at present advised, I am of the opinion that the better doctrine is that in equity the statute of limitations will not run in favor of the directors of a bank who have the control and management of its affairs while they remain in control. National Bank of Commerce v. Wade (C. C.) 84 F. 10; Rankin v. Cooper (C. C.) 149 F. 1010.

As this suit was commenced within the statutory time after the defendants ceased to have control of the bank, the motions to strike out and dismiss the complaint will be overruled, with permission to the defendants to resubmit the question of the bar of the statute on final hearing if they so elect. Likewise the motion to make more definite and certain will be overruled, as in my judgment the complaint is sufficiently definite in the particulars complained of.