### ANDRESEN v. THOMPSON et al. (SECURITY NAT. BANK OF PASADENA et al., Interveners).

District Court, D. Minnesota, Sixth Division.

March 3, 1932.

Hall & Catlin, of Marshall, Minn., and Charles E. Chrisman, of Ortonville, Minn., for plaintiff.

Daly & Barnard, of Renville, Minn., F. L. & E. V. Cliff, of Ortonville, Minn., and Fisher & Riter, of Rock Rapids, Iowa, for interveners.

SANBORN, Circuit Judge (Acting as District Judge by assignment.)

This suit was brought by the plaintiff against the defendants, who were directors of the bank, to recover damages for losses alleged to have been sustained by the bank through their carelessness, negligence, and misconduct in the management of its affairs. The interveners are the assignees of H. F. Thompson and J. H. Harrison.

It appears that the bank, while in operation, was a depositary of state funds of the state of Minnesota and also a depositary of the funds of Independent school district No. 1 of Big Stone county; that bonds were given to secure such deposits, and that the defendants Harrison and Thompson, through an indemnity agreement, were required to respond for their proportionate share of the amount of such deposits after the closing of the bank; that Harrison was required to and did pay $1,334.25 to the state of Minnesota, and $2,786.50 to the school district; and that he assigned his claim against the bank, because of such payments, to the intervener Security National Bank of Pasadena. H. F. Thompson was required to and did pay to. the state $2,530.48, and to the school district $5,284.74, and it is asserted by Loie K. Thompson, who is his wife, that he assigned his claim against the bank, because of such payments, to her. The receiver in his complaint asserts that he has a valid and subsisting lien against the certificates issued to Harrison and Thompson as evidence of their claims against the bank on account of the payments which they made to the state and the school district, and asks that such liens be enforced. The interveners, in their complaints in intervention, assert that they are the owners of the funds in the hands of the receiver represented by the receivers' certificates issued to Thompson and Harrison, and that they loaned the money, or some portion of it, to these defendants to enable them to meet their obligations under the depositary bond, and took an assignment of their claims against the bank as security for such advances. It further appears that the receiver has refused to issue certificates to the interveners, and has retained the funds represented by the certificates.

Answers to the complaints in intervention were filed by the receiver, denying their allegations.

Harrison and Thompson failed to appear, and it is conceded that they are nonresidents and are insolvent.

At the hearing before the special master, the plaintiff offered testimony with reference to certain loans which it was claimed had

been made by the directors either unlawfully or improvidently, and which resulted in losses to the bank. The interveners objected to the introduction of the testimony on the ground that the loans complained of were made more than six years prior to the failure of the bank, and that the suit is barred by the statute of limitations (Minn. St. 1927, § 9191), and, further, that the claims of the receiver set forth in the complaint could not be offset against the claims of the interveners against the bank. The special master was of the opinion that the objection that the suit was barred by the statute of limitations should be overruled, and that the other objections should be sustained; and thereupon, by agreement of the parties, the questions raised by the objections were certified to the court for determination. Additional testimony was offered before the court with relation to the validity of the assignments made by Harrison and Thompson to the interveners.

■ The question to be determined is whether it appears from the present record that the suit is barred by the statute of limitations. My opinion is that the record before me is not sufficient to permit a definite answer to that question. If it be assumed that no fraud or fraudulent concealment or other extraordinary circumstances are asserted by the plaintiff which would have prevented the running of the statute, and that all the excess or improvident loans referred to were made six years before this action was brought, then I am of the opinion that the suit was brought too late. It is clear that, unless the plaintiff can show circumstances which would have prevented the statute from running during the period that the defendants were in charge of the bank, the causes of action on account of excess loans were barred six years from the time the loans were made. Corsicana National Bank v. Johnson, 251 U. S. 68, 86, 40 S. Ct. 82, 64 L. Ed. 141; Payne v. Ostrus (C. C. A.) 50 F.(2d) 1039; Anderson v. Anderson (D. C.) 23 F.(2d) 331, affirmed Anderson v. Pennington (C. C. A.) 28 F.(2d) 1007; Anderson v. Gailey (D. C.) 33 F.(2d) 589. In the latter case, Judge Sibley reached the conclusion that the same rule applied to "loans insolvent when made." As I read Payne v. Ostrus, supra, it does not hold to the contrary with respect to improvident loans, although the precise point was apparently not raised in that case, and the court said there that the statute ran from the time a director left the board of directors.

However, in the complaint here there are allegations under which evidence might be adduced to show concealment or unusual or extraordinary circumstances which would enable the court to find that the cause of action was not barred by the statute of limitations. See Rankin v. Cooper (C. C.) 149 F. 1010, 1015; Cockrill v. Abeles (C. C. A.) 86 F. 505, 512; Schilling v. Parman (D. C.) 35 F.(2d) 780; Adams v. Clarke (C. C. A.) 22 F.(2d) 957, 959; National Bank of Commerce v. Wade (C. C.) 84 F. 10, 15; Payne v. Ostrus (C. C. A.) 50 F.(2d) 1039, 1042, supra. The court would therefore not be justified at this stage of the case in holding that the plaintiff could proceed no further.

The interveners assert that, since the receiver has only an unliquidated claim based upon tort, it cannot, in any event, be offset against the indebtedness of the bank to Harrison and Thompson evidenced by the receiver's certificates; that, even if it can be said to be a claim arising out of contract, it cannot be offset against that indebtedness because the amount due is still undetermined.

■ The receiver asserts that he has a lien upon the fund represented by the claims of Harrison and Thompson, or that, at least, he may offset whatever may be determined to be due them from the bank in this case against the fund, since Thompson and Harrison are insolvent and nonresidents. He also claims that the assignments to the interveners are invalid. I think that it is not necessary to pass upon the question of the validity of the assignments, since the interveners can have no greater rights against the bank than their assignors had. They stand in the shoes of Thompson and Harrison. If the receiver could withhold these funds from them and apply them to the payment of whatever is due him in this suit, he can do the same as against the interveners. All defenses and set-offs available against an assignor are available against his assignee. Wagner v. Central Banking & Security Co. (C. C. A.) 249 F. 145; Williams v. Neely (C. C. A.) 134 F. 1, 69 L. R. A. 232; Boatmen's Bank v. Fritzlen (C. C.) 175 F. 183.

■ The situation presented then is this: The bank was indebted to Harrison and Thompson for the amounts paid by them on account of their liability upon the depositary bond, and at the same time it was entitled to have them account to it for the amount of losses which it suffered because of loans which they had illegally or negligently made. The amount which they owed the bank was undetermined, but the amount which the bank owed them was certain. If they were responsible persons living in the state, they proba-

bly would be entitled to have what the bank owes them paid to them, and the receiver would have no right of offset. However, being insolvent and nonresidents, to allow them or their assignees to have what the bank owes would concededly render any decree in this case absolutely worthless, and would be an injustice to the creditors of the bank. It has been held that such claims as are here asserted by the receiver arise out of the breach of the implied obligation of the directors of the bank to faithfully, carefully, and lawfully perform their duties, and that therefore the claims survive against the representatives and heirs of deceased directors. See Orth v. Mehlhouse (D. C.) 36 F.(2d) 367, and cases therein cited. I do not think, however, it is important whether this suit for an accounting is one in tort or on contract, since the right of the receiver to offset arises in equity and must be based upon the facts of insolvency and nonresidence.

In North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 615, 14 S. Ct. 710, 715, 38 L. Ed. 565, the court said: "Cross demands and counterclaims, whether arising out of the same or wholly disconnected transactions, and whether liquidated or unliquidated, may be enforced, by way of set-off, whenever the circumstances are such as to warrant the interference of equity to prevent wrong and injustice."

In Bromfield v. Trinidad Nat. Inv. Co., 36 F.(2d) 646, 649 (C. C. A. 10) the court said:

"Moreover, the doctrine of set-off is more flexible in equity than in law. In Blount v. Windley, 95 U. S. 173, the Supreme Court, at page 177, 24 L. Ed. 424, said:

" 'This remedy (of set-off) has been very much extended in equity where the insolvency of the judgment plaintiff, his non-residence within the jurisdiction of the court, the fact that the mutual obligations have grown out of the same transaction, and many other purely equitable considerations, have been held to authorize the setting off of many classes of obligations held by the defendant, against a judgment duly recovered against him in a court of law.' "

See, also, Brown v. Pegram (C. C.) 149 F. 515; Loy v. Alston (C. C. A.) 172 F. 90, and cases cited in Topas v. MacGregor Grant, Inc. (C. C. A.) 18 F.(2d) 724, at page 725, 52 A. L. R. 807; Clark Car Co. v. Clark (C. C. A.) 48 F.(2d) 169.

I reach the conclusion that this suit ought not to be terminated upon the record now before the court on either of the grounds urged by the interveners, although it is quite possible that the suit may be barred by the statute of limitations, and it might be well for all parties interested to complete the evidence bearing upon that question before going further.

The objections raised by the interveners to the taking of further testimony are overruled, and they are allowed an exception.