## CLARA S. MASON

*v.*

## THE CITY OF CHICAGO.

SPECIAL ASSESSMENT—*payment—its cancellation.* Where it appeared that a party owned lots in the city of Chicago, and the corporate authorities levied an assessment to construct a private drain from his property to the main sewer, which he had been required to construct, but had failed to do, and after the levy was made he sold the property, and his agent not knowing of the sale, and supposing his principal was still the owner, paid the assessment, took a receipt, and the collector marked the assessment paid on his books ; but afterwards the agent called upon the collector and claimed that the payment was made in mistake ; the collector thereupon refunded the money, destroyed the receipt, and canceled the entry of payment on his books : *Held,* that this operated as a payment and discharge of the assessment, and the collector had no power to cancel the payment and revive the assessment, yet if he received money in payment of an assessment on one tract of land, and he, through mistake, entered it to another, he might correct the mistake, although he might be liable for any injury resulting from such a mistake.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion states the case.

Mr. EDWARD ROBY, for the appellant.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application by the city collector to the Superior Court of Chicago, for an order for the sale of lots for the payment of an assessment levied for the construction of a sewer. Objections were filed, and a trial had.

It appeared on the trial that the improvement was ordered by the city authorities, and the owners against whom the

assessments have been made, were required to construct the sewer. Failing to do so, the city proceeded to have the sewer opened, and had the cost of its construction assessed upon the property holders who had been required to make the improvement. After the levy was made, the persons who owned the property upon which the assessment involved in this case was levied, sold it to appellant. It also appears that the former owners, in the month of December, 1867, through Marshall, their agent, paid the assessment, and it was so entered on the collector's books, but in the following January, Marshall called upon the assessor, and claimed that the payment had been made through mistake, when the collector refunded the money, and canceled the entry of the payment on his books, and the receipt he had given was destroyed, and the assessment is claimed to be delinquent and unpaid.

Where a tax or assessment has once been paid, it ceases to exist, or to be a charge against the owner or his property. When the person liable to the burthen voluntarily and intentionally pays such an assessment, it is fully discharged, although the person may have acted under a misapprehension of facts. Under such circumstances, it is not for the collector to hear the evidence and decide whether the assessment was paid deliberately and with a full knowledge of all the facts, or the party making the assessment may have acted under some mistake or misapprehension.

In this case, Marshall paid the assessments on these lots, deliberately and intentionally. The acts of himself and the collector were, in every respect, as he designed they should be. The only objection to the binding force of the payment, now urged, is that he was not aware that his principals had sold the property, and claimed they were not liable for the assessment.

The law has conferred upon the collector no power to relieve parties from the effect of their inattention or mistake. And to vest him with such authority would be calculated to operate

with hardship, if not positive injustice, in many cases. A person having an interest in knowing that such burthens have been removed from the property, would no doubt call upon the collector to ascertain whether it was removed, and finding it marked paid, would naturally give himself no further concern in reference to the matter. And if the collector might make such alterations, his property might be liable to be sold and lost, by his thus being thrown off his guard by such an act of the collector. In this case, then, the assessment was discharged by the payment. Nor was it restored by the collector's refunding the money, canceling the entry of payment on his books, and destroying the receipt.

It is no doubt true, that in case of his mistake in applying money to land upon which it was not paid, or making an entry by mistake of a payment, to the wrong parcel of land, he would have the power to make the correction, but even in that case he might be liable to respond in damages for any injury he might occasion by such a mistake. But in this latter case, he could make the correction because the assessment was never paid or intended to be paid, while in the other case payment was intentionally made, and the assessment discharged; and the assessor has no power to re-assess a tax or assessment, and to revive a tax already paid would have that effect.

As the decision of this question determines the case, it is unnecessary to discuss the other questions raised upon the record by appellant.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*