GOLDSCHMIDT THERMIT CO. v. PRIMOS CHEMICAL CO.

(District Court, E. D. Pennsylvania. August 17, 1914.)

No. 1221.

1. EQUITY (§ 43*)—JURISDICTION—ADEQUATE REMEDY AT LAW.
   Equity will refuse to entertain jurisdiction, where the averments of the bill conferring jurisdiction and the equitable relief sought is for the mere purpose of giving jurisdiction in order to obtain other relief which may be obtained at law.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 121–140, 164–166; Dec. Dig. § 43.*]

2. COURTS (§ 352*)—ADEQUACY OF LEGAL REMEDY—DISMISSAL.
   Under United States equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), providing that if at any time it appear that a suit, commenced in equity, should have been brought on the law side of the court, it shall be transferred to the law side and be there proceeded with, and rule 23 (198 Fed. xxiv, 115 C. C. A. xxiv), providing that, if in a suit in equity a matter ordinarily determinable at law arises, such matter shall be determined in that suit according to the principles applicable, without sending the case or question to the law side of the court, a bill in equity cannot be dismissed on the ground that there is an adequate remedy at law, and a want of equity.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. § 352.*]

In Equity. Suit by the Goldschmidt Thermit Company against the Primos Chemical Company. On motion to dismiss bill. Motion denied.

J. Addison Abrams, of Philadelphia, Pa., and Charles F. Dane and Livingston Gifford, both of New York City, for plaintiff.

Synnestvedt, Bradley, Lechner & Fowkes, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This motion is based upon the three grounds of the existence of an adequate remedy at law, want of equity, and laches. The first two blend into one, and the last is not seriously pressed.

The positions taken and arguments advanced on the respective sides are alike in this: That they ignore the existence of the rules of practice in the courts of equity in the United States, which were called to the attention of counsel at the oral argument at bar as having a controlling bearing upon the main point involved. If the equity rules are to be ignored, as the printed briefs submitted presuppose, the argument for the defendant proceeds upon these propositions: The provision of the seventh amendment to the Constitution of the United States preserves the right of trial by jury. A defendant, to whom this right belongs, cannot be deprived of it by the subterfuge of avoiding a "suit at common law," when such is the proper remedy. This right is buttressed and recourse to such a subterfuge forbidden by section 723 of the Revised Statutes (U. S. Comp. St. 1901, p. 583), which forbids the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

courts to entertain a suit in equity "where a plain, adequate, and complete remedy may be had at law." This would seem to restrict the inquiry to this one question. At the most a bill should not be sustained where, "according to the course and principles of courts of equity," a chancellor should not entertain jurisdiction. Jurisdiction in equity does not attach where the real purpose is simply to recover for the profits and damages in the case of infringement of a patent. Jurisdiction is conferred by the fact that an equitable remedy, such as injunction, is really incidental to the case. Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975; Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392.

By section 4921 of the Revised Statutes (U. S. Comp. St. 1901, p. 3395) the courts are given power to grant injunctions in patent cases. Numbers of cases are to be found in which the courts have dismissed bills under circumstances in which they would not grant injunctions. On the other hand, the argument for the plaintiff proceeds upon these grounds: The plaintiff, at the time of the filing of his bill, being entitled to an injunction and being entitled also to an accounting, jurisdiction attaches, and, having once attached, it is not taken away because his right to an injunction is lost by lapse of time, if his claim to other relief continues. All the cases recognize that there may be in a case elements calling for equitable relief which will save the bill even if the right to an injunction be gone. One of these is that the remedy at law may not be "plain, adequate, and complete" or full. Hence we find numbers of cases in which jurisdiction has both been entertained and retained, and the courts have refused to dismiss bills.

[1] The true rule which reconciles these seemingly conflicting rulings appears to be that as the decree of a chancellor is always of grace, and is never the absolute right of a litigant, the courts will refuse to entertain jurisdiction, where the averments which confer it are wholly colorable, and relief is vainly asked through a purely equitable remedy for the mere purpose of giving jurisdiction, in order to grant other relief which may be obtained at law. In other words, it is not that the courts do not have jurisdiction, but that they refuse to exercise it. The strength of the plaintiff's appeal to have its bill entertained is in its contention that a suit for damages would not enable it to get that to which it is entitled.

[2] This feature of the case of the plaintiff was recognized in Tompkins v. International Paper Co., 183 Fed. 773, 106 C. C. A. 529, and it there saved the bill from dismissal. It cannot at this stage of the case be found that this is not the situation of the present plaintiff. Thus seems to stand the case without reference to the equity rules. By what token, however, can these rules be ignored? They are directly applicable to the question now raised and dispose of it. Rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) expressly provides what shall be done "at any time it appears" that the suit should have been brought at law. More than this, Rule 23 commands us not to dismiss a bill on this ground. The case may be proceeded with, and when it appears, if it does develop, that this case should be tried at law and the amount of damages assessed by the verdict of a jury, this may be done.

The motion to dismiss the bill is therefore denied and overruled; costs to abide the final decree. We have not been able to find the paper, but, assuming this motion to have been set down for hearing under rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), the defendant has leave to apply for an extension of time in which to file its answer.