CORSICANA NAT. BANK v. JOHNSON.

(Circuit Court of Appeals, Fifth Circuit. January 5, 1915.)

No. 2597.

1. **BANKS AND BANKING** (§ 254*)—**ACTIONS AGAINST OFFICERS**—**FORM OF REMEDY.**

Under Act June 22, 1906, c. 3516, 34 Stat. 451 (Comp. St. 1913, § 9761), providing that the total liabilities to any national banking association of any party for money borrowed shall at no time exceed one-tenth of the capital stock and surplus, and Rev. St. § 5239 (Comp. St. 1913, § 9831), providing that, if the directors of any national banking association shall knowingly violate or permit the violation of any of the provisions of that title, every director who participated in or assented to the violation shall be liable for all damages which the association, its shareholders, or any other person shall sustain, an action by a national bank against an officer for a loss sustained on a loan in excess of the statutory limit in which he participated was one at law, not cognizable by equity, in the absence of a showing of the inadequacy of the legal remedy, and the fact that the bank had received from the bankrupt estate of one of the borrowers certain corporate stock did not give jurisdiction to equity, as the abatement in damages on account of this stock could be made at law as well as in equity.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. § 254.*

Personal liability of directors, see note to Robinson v. Hall, 12 C. C. A. 680; Warner v. Penoyer, 33 C. C. A. 230.]

2. **ACTION** (§ 37*)—**NATURE AND FORM**—**CHANGE OF CHARACTER OR FORM.**

Under the express provisions of equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), where a suit commenced in equity should have been brought at law, it should have been transferred to the law side of the court, instead of dismissing the bill.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 311–319; Dec. Dig. § 37.*]

Appeal from the District Court of the United States for the Northern District of Texas; Edw. R. Meek, Judge.

Bill by the Corsicana National Bank against Samuel Wistar Johnson. From a decree dismissing the bill, plaintiff appeals. Remanded, with directions to modify.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Francis Marion Etheridge and Joseph Manson McCormick, both of Dallas, Tex., and Richard Mays, of Corsicana, Tex., for appellant.

W. J. McKie, of Corsicana, Tex., and Cullen F. Thomas and Henry C. Coke, both of Dallas, Tex., for appellee.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. [1] The bill in this case charged the defendant, who had been an officer of the plaintiff bank, with liability for the loss sustained by the bank on a loan of its funds in an amount which exceeded one-tenth of the amount of the bank's paid-in capital and surplus, the ground of the asserted liability of the defendant being his alleged participation in and responsibility for the violation of the statutory prohibition of such a loan. 5 Fed. Stat. Ann. 139, 34 Stat. 451. The suit was the assertion of the right of the bank to hold the defendant liable in his personal and individual capacity for all damages sustained by the bank in consequence of the defendant knowingly violating the provision of the above-mentioned statute. Rev. Stat. U. S. § 5239. Plainly a suit to recover damages so sustained may be maintained at law, and is not cognizable by a court of equity, in the absence of any showing of the inadequacy of the legal remedy which is available. Cockrill v. Cooper, 86 Fed. 7, 29 C. C. A. 529; Stephens v. Overstolz (C. C.) 43 Fed. 465.

In the case at bar no fact was alleged or proved which tended to show any inadequacy of the legal remedy to which the plaintiff might have resorted. The plaintiff's claim was that it had lost the total amount loaned, less what had been and what might yet be realized from certain corporate stock which it had received in a settlement of the bankrupt estate of one of the insolvent borrowers. The holding of that stock by the plaintiff constituted no ground for a resort to a court of equity. The bank's claim was subject to be reduced by the amount already realized on that stock and by the reasonable value of it, if it still represents anything of value. This abatement of the amount of damages recoverable could be made in a court of law as well as in a court of equity. It was simply a matter of showing the actual loss sustained by the plaintiff as a result of the forbidden loan. It was not made to appear that in a court of law there was any obstacle in the way of proving and recovering the damages sustained. In short, we discover no equitable feature in the claim sought to be enforced. It was a simple legal demand for damages, to be assessed in a judgment for money. The suit in equity could not properly be maintained because the case was one where a plain, adequate, and complete remedy may be had at law for the wrong complained of. Southern Pacific R. R. Co. v. United States, 200 U. S. 341, 26 Sup. Ct. 296, 50 L. Ed. 507; Smyth v. N. O. Canal & Banking Co., 141 U. S. 656, 12 Sup. Ct. 113, 35 L. Ed. 891.

[2] The trial court, in the decree rendered, expressed the correct conclusion, that there was no equity in the bill. But a dismissal of the bill did not properly follow from that conclusion. The case is one calling for the application of equity rule 22 (198 Fed. xxiv, 115 C. C. A.

xxiv). The decree, instead of dismissing the bill, should have ordered a transfer of the suit to the law side of the court, to be there proceeded with pursuant to the requirement of the rule mentioned.

The cause is remanded, with directions to modify the decree as above suggested; the costs of the appeal to be taxed against the appellant.