### GOLDSCHMIDT THERMIT CO. v. PRIMOS CHEMICAL CO.

(District Court, E. D. Pennsylvania. August 4, 1915.)

No. 1221.

1. EQUITY ⊚⇒362—ERROR AS TO CHARACTER OR FORM—REMEDY.

Equity Rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) provides that, if it appear at any time that a suit commenced in equity should have been brought on the law side of the court, it shall be forthwith transferred to the law side, and be there proceeded with. Rule 23 (198 Fed. xxiv, 115 C. C. A. xxiv) provides that, if in a suit in equity a matter ordinarily determinable at law arises, it shall be determined in that suit according to the principles applicable, without sending the case or question to the law side. Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) abolishes demurrers and pleas and substitutes therefor a motion to dismiss. *Held,* that rule 22 implies

that a bill shall not be dismissed because of the existence of an adequate remedy at law, and is not abrogated by Rule 29, and hence an objection to a maintenance of the bill because of the existence of such a remedy at law must be asserted under Rule 22 or 23, and not under Rule 29.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 758–761; Dec. Dig. ☜362.]

2. EQUITY ☜43—EFFECT OF REMEDY AT LAW.

The existence of an adequate remedy at law is in itself an answer to a bill in equity.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 121–140, 164–166; Dec. Dig. ☜43.]

3. EQUITY ☜46—REMEDY AT LAW—ADEQUACY.

To defeat a suit in equity the remedy afforded at law must be full, adequate, and complete, and the mere right to bring an action at law will not of itself suffice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159–163; Dec. Dig. ☜46.]

4. EQUITY ☜39—RETENTION OF JURISDICTION—LEGAL RELIEF.

Where plaintiff has a right to an equitable remedy and has filed his bill under which equity has taken jurisdiction, a court of equity will proceed to a final and full determination of all his rights, though this may involve findings which of themselves could have been made in an action at law.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 104–114; Dec. Dig. ☜39.]

5. INJUNCTION ☜1—JURISDICTION OF EQUITY.

Among the equitable remedies which a litigant is entitled to have applied is the right to an injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 1; Dec. Dig. ☜1.]

6. PATENTS ☜280—SUITS IN EQUITY—JURISDICTION.

Under the statute authorizing the court to grant injunctions in patent cases according to the course and principles of courts of equity, and upon a finding of infringement in any such case to allow plaintiff damages in addition to profits to be accounted for by defendant, it is the prayer for an injunction which gives jurisdiction to the court in equity.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 439; Dec. Dig. ☜280.]

7. PATENTS ☜280—SUITS IN EQUITY—JURISDICTION.

A bill in equity cannot be entertained in a patent case where plaintiff seeks only compensation, and equitable jurisdiction cannot be assumed by treating the infringer as a trustee in receipt of profits for which he is liable to account.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 439; Dec. Dig. ☜280.]

8. PATENTS ☜280—SUITS IN EQUITY—JURISDICTION.

Where a bill in equity for infringement of a patent was filed during the life of the patent and contained a prayer for injunctions both preliminary and final and contained averments which pointed in the direction of an accounting of a character calling for a tribunal fitted and equipped to conduct it, it would not be dismissed for lack of jurisdiction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 439; Dec. Dig. ☜280.]

9. TRIAL ☜11—TRANSFER OF CAUSES—ERROR AS TO CHARACTER OR FORM.

Under Equity Rule 22, the question whether a case is to be decided at law or in equity is to be determined when the question can be decided in

the full light of all the information obtainable, and is to be determined on the merits with no more regard to mere form of procedure than is required.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig. ☞11.]

10. TRIAL ☞11—TRANSFER OF CAUSES—TIME.

The right of a defendant sued in equity to insist upon the case being tried at law if there is no real ground for equity retaining jurisdiction can be accorded to him at any stage.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig. ☞11.]

Suit by the Goldschmidt Thermit Company against Primos Chemical Company. On motion to transfer case to the law side of the court. Motion dismissed.

See, also, 216 Fed. 382.

J. Addison Abrams, of Philadelphia, Pa., and Charles F. Dane and Livingston Gifford, both of New York City, for plaintiff.

Synnestvedt, Bradley, Lechner & Fowkes, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. It is at least not clear that the status of this case has changed since it was before the court on the prior motion to dismiss the bill. There is, however, practical wisdom in the suggestion made by counsel for defendant that the question of the right, in the assertion of which the defendant is rightfully insistent, should be disposed of at this time in order to save the possible second trial of the case. This is the only justification or excuse even for a discussion which partakes of something of the character of a reargument of the question raised.

At the expense of a somewhat lengthy statement of the principles involved, we will begin at the beginning.

In the absence of any statutes or rules of court affecting the question, a reason or ground for a court of equity refusing, or indeed finding that it lacked, the power to entertain jurisdiction of a bill, was always recognized to exist in the fact (where it was the fact) that an adequate remedy at law existed. In chancery bills there was in consequence always incorporated the averment that the plaintiff had no remedy at law. It might further appear from the bill itself that such a remedy existed. Hence followed the practice of demurrers to bills on this ground, as the existence of such a remedy was an insurmountable obstacle to the maintenance of the bill, and a formal answer was uncalled for. In some jurisdictions rules of practice in equity were adopted which dispensed with the requirement of a formal averment of the absence of a remedy at law, but the existence of such a remedy was still recognized as a defense to the bill, and, if the fact was present on the face of the bill, it was still the practice to meet it with a demurrer. When demurrers were abolished by the equity rules, the same result was reached through the medium of motions to dismiss for want of jurisdiction. A further change was then wrought in some juris-

dictions by statutes, and in others by the adoption of equity rules providing that, when the question of jurisdiction on this ground was raised, it should not be disposed of either upon demurrer or motion to dismiss, but the case should be transferred to the law side of the court.

A partial history of the evolution of the practice above outlined as traced through our own equity rules is this:

[1] By the rules in force before those promulgated on November 4, 1912, Rule 21 (198 Fed. xxiv, 115 C. C. A. xxiv) gave plaintiff the optional right to omit the averment of the absence of a remedy at law, and it was provided that the bill should not be demurrable because of this omission. There was a similar positive provision in the State Equity Rules that the averment should be omitted. Rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) of the present rules specifically provides for the situation of the existence of an adequate remedy at law appearing, by the requirement that the case shall be transferred to the law side of the court. This clearly and certainly implies that the bill shall not be dismissed on this ground. The Pennsylvania statute contains a similar provision, and like provisions in many other jurisdictions evidence the general drift of the practice in the direction indicated. This was probably born of a common juridical experience. Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), abolishing demurrers and pleas, gave, it is true, defendant the substituted remedy of a motion to dismiss. This surely, however, does not abrogate Rules 22 and 23 (198 Fed. xxiv, 115 C. C. A. xxiv), which are specifically applicable to cases which should properly have been made the subject of actions at law.

This point has already been decided; but, inasmuch as the present hearing is in the nature of a reargument of the whole question, we state our adherence to the opinion before expressed that an objection to the maintenance of a bill on this ground must be asserted under Rule 22 or 23, and not under Rule 29.

[2, 3] With this preliminary question out of the way, we come to the legal merits of the position taken by the defendant. We have already found in its favor the principle that the existence of an adequate remedy at law is in itself an answer to a bill in equity, and we have further found the application of this principle to have been confirmed to defendants in the courts of the United States by the quoted provisions of the statutes. Neither of these findings, however, free us from the inquiry of: "What is an adequate remedy at law?" The same answer has been made to this question by the courts of every jurisdiction, federal and state. It is that the remedy afforded by an action at law must be full, adequate, and complete. Mere existence of a remedy in the sense of the right to bring an action at law will not of itself suffice, but the remedy afforded by the action must be of the character described.

The application of the principle of reference to the law side of the court is also accompanied with another principle. A case may be of a mixed character respecting the remedies called for, and there may be a commingling of the remedies to which the plaintiff is entitled, some of which may be purely equitable and which can be afforded

only through chancery forms of procedure, and others, or at least one other, which may be administered through legal forms.

The principle then applicable is this:

[4, 5] When the right to an equitable remedy exists in a plaintiff and he has filed his bill through and by which a court of equity has taken jurisdiction of his complaint, the court having thus acquired jurisdiction will proceed to a final and full termination of all his rights, notwithstanding the fact that this may involve findings which of themselves could have been made in an action at law. Among these equitable remedies, which are recognized as the right of a litigant to have applied, is the right to an injunction, and in most jurisdictions at least to an accounting, where the accounting is complex and of a character with which a tribunal, made up of a jury, could not be expected to cope. The necessity for discovery also may in itself confer equitable jurisdiction. We have qualified the statement of the proposition bearing upon the jurisdiction of a court of equity on the ground of an accounting, because of the position flatly taken by counsel for the defendant that no equitable jurisdiction on this ground exists in the courts of the United States, at least in patent cases. To complete a general statement of the principles affecting the decision of the question of jurisdiction as between courts of law and in equity, a reference to the statutes on the subject of patents should be added.

[6, 7] The history of all such legislation is succinctly set forth in Root v. Railway, 105 U. S. 189, 26 L. Ed. 975. Its present resting place is in the provision of the statutes granting power to the courts to grant injunctions in patent cases "according to the course and principles of courts of equity," and, upon a finding of infringement "in any such case," the allowance to the plaintiff of damages in addition to "profits to be accounted for by the defendant." Under this statute it is the prayer for an injunction which gives jurisdiction to the court in equity, and, as the then existing legislation conferred a right of action at law for damages only, no bill can be entertained where the plaintiff seeks only compensation, and equitable jurisdiction cannot be assumed through the mere device of treating the infringer as a trustee who has been in the receipt of profits for which he is liable to account.

It only remains to test the soundness of the foregoing principles by a reference to the adjudicated cases. The case of Root v. Railway, 105 U. S. 189, 26 L. Ed. 975, having recognized that the courts were not in accord upon a statement of the principles involved, discusses them with lucidity and fullness for the purpose of silencing all controversy over them in the courts of the United States. This justifies us in limiting our references to this one case and to a few others to show how the principles there enunciated have been applied.

On its face Root v. Railway was the case of a bill filed by the owner of a patent after his proprietary rights had ended. The prayer was for a decree directing the defendant to account for and pay to plaintiff all profits received by him. The bill was demurred to on the ground that the plaintiff was not entitled to the relief prayed for because there was a full, complete, and adequate remedy at law. The demurrer was sustained in the court below and bill dismissed, and this

decree was affirmed by the Supreme Court. It may be an aid to clarity to here interpolate that the purpose of this bill was the bald attempt to evade the legal remedy which had been conferred by statute and to substitute for it an equitable remedy which had not been conferred. Furthermore, there was no averment in the bill which was suggestive even of any fact out of which a right to an equitable remedy proceeded. The Supreme Court, however, took advantage, as has already been stated, of the opportunity to settle the law on this general subject. This they did by an elaborate discussion of the theme, both from the viewpoint of general principles and from the decided cases, and the formulation of the conclusions reached into clear-cut propositions. These may be found summarized on pages 215 and 216 of 105 U. S., 26 L. Ed. 975. We have paraphrased them in numbered statements as follows: A bill in equity will not be sustained: (1) For a naked account of profits and damages against an infringer of a patent; (2) accounting relief ordinarily is incidental to some other equity, the right to enforce which secures to the patentee his standing in court; (3) the most general ground for equitable interposition is by injunction against a continuance of the infringement. Grounds of equitable relief, however, may arise other than by way of injunction. Each case must rest upon its own peculiar circumstances which must furnish a clear and satisfactory ground of exception to the general rule. They cannot be defined more exactly than as stated in the following enumeration: (1) Where the title of the complainant is equitable merely; (2) where equitable interposition is necessary on account of the impediments which prevent a resort to remedies purely legal; (3) such an equity may arise out of and inhere in the nature of the question itself springing from special and peculiar circumstances which disable the patentee from a recovery at law altogether, or render his remedy in a legal tribunal difficult, inadequate, and incomplete.

[8] It is clear that no command to dismiss the present bill comes to us out of Root v. Railway. In the first place, the present bill was filed during the life of the patent. In the second place, there is a prayer here for injunctions, both preliminary and final. In the third place, there was time under the rules and practice of the court to have applied for and secured (if otherwise entitled to it) a preliminary injunction, and finally there are averments in the bill which point in the direction of the accounting being of a character which calls for a tribunal fitted and equipped to conduct it.

Nor is the present case ruled by any of the cited cases to which we have been referred.

Mershon v. Furnace Co. (C. C.) 24 Fed. 741, was a case in which the bill was served three days before the expiration of the patent. No injunction, provisional or final, could therefore have issued. There was an entire absence of the averment of any special grounds for equitable relief.

In American Co. v. Railway (C. C.) 41 Fed. 522, no preliminary injunction was asked for, and the patent expired before the return day of the subpoena. There was also here a total dearth of any special grounds for equitable interference.

Heckscher v. Steel Co. (D. C.) 205 Fed. 377, was a case for the recovery of the amount of license fees due under a contract. The court moreover expressly found that the bill was not for an accounting. Incidentally this case is authority for the conclusion independently reached at the former argument that questions of this kind were to be disposed of under Rule 22. There it was raised by demurrer in form which under Rule 29 is a motion to dismiss. Judge McPherson refused to dismiss the bill, but did make an order of transfer for the valid reason above indicated.

The above cases will suffice to blaze for us the path upon which to travel. It is to be observed, however, that Root v. Railway was decided before the adoption of the Equity Rules promulgated November 4, 1912, and therefore before we had Rules 22 and 23. The administrative policy enjoined upon us by these rules is not to permit plaintiffs to be hampered by procedure objections on the ground that complaint had been made to the wrong court, but, while preserving to defendants all their rights in the disposition of cases, nevertheless to dispose of them by having them determined by that court to whose decision they are properly subject.

[9] The spirit and intendment is that the question by what tribunal the case should be decided is to be determined when the question can be decided in the full light of all the information obtainable. Plaintiff is to have accorded to it its right to equitable relief in form and method of procedure, and the defendant is to be given full protection in the assertion of its right in a proper case to have it submitted to a jury. The question is one to be decided on its merits with no more regard to mere form of procedure than is required, and, whenever it appears that a case brought in equity should have been brought at law, full power is given to make the transfer. It is the experience of every trial lawyer of extensive practice, as well as of every trial judge, that, when a case of accounting is about to be submitted to a jury, the suggestion is often forced from the judge, or from counsel, that the accounting should be referred to some one well equipped to render it. If such should turn out to be this case, it would be discovered that a mistake had been made in now transferring it.

The conclusion reached is this:

[10] The defendant is within its rights in insisting upon the case being tried at law, if there is no real ground for a court of equity retaining jurisdiction. This right, however, will remain in the case to be accorded to the defendant at any stage. All that is now decided is that on the face of the record technically a court of equity has jurisdiction, and we cannot find from the record now before us that the averments which confer this jurisdiction are merely colorable, nor can we find at present that the case is one which the defendant is entitled as a matter of right to have tried at law.

The motion to transfer is therefore dismissed, with leave to defendant to renew it at any time.