## KELLEY v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
January 14, 1929.

Rehearing Denied February 25, 1929.

No. 5536.

Gilbert, Circuit Judge, dissenting.

Goldman & Altman, John C. Altman, and Richard S. Goldman, all of San Francisco, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. October 11, 1920, Henry A. Pratt, a resident of Fresno, Cal., died testate. October 8, 1921, the executrix of his will filed a return for estate tax purposes with the collector of internal revenue for the district, under the Revenue Act of 1918. The tax due from the estate according to this return was the sum of $20,835, and that amount, together with an additional estate tax later imposed by the collector, was paid in full by the executrix. The estate tax was imposed on the entire community estate of the decedent, and the executrix later made application for a refund on the ground that only one-half of the community estate was subject to the estate tax. The application for a refund was allowed, and the executrix was repaid in principal and interest the sum of $19,860.95. Later the Commissioner of Internal Revenue decided that the refund was without authority of law in view of the decision of the Supreme Court in United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285. The executrix was thereupon notified that pursuant to section 409 of the Revenue Act of 1918 (40 Stat. 1100), there remained unpaid the amount of the refund against the estate of Henry A. Pratt, deceased, and formal demand was made upon her in the name of the collector of internal revenue for the payment of that amount. The present suit followed to recover the amount of the refund as a part of the estate tax and for general equitable relief. From a decree in favor of the United States, this appeal is prosecuted.

It seems clear to us that the suit cannot be maintained on the theory on which it was commenced and prosecuted to final decree in the court below. When once paid, a tax is gone, and a refund of the money does not restore it. "If the owner or any other person entitled to make payment of the tax shall do so, the lien will not only be discharged absolutely, but all authority to proceed further against the property will be at an end." Cooley on Taxation (3d Ed.) p. 810. From this view, we know of no dissent. Thus, in Mason v. City of Chicago, 48 Ill. 420, and Hudson v. People, 188 Ill. 103, 58 N. E. 964, 80 Am. St. Rep. 166, it was held that the payment of a special assessment discharged the lien, and that the lien could not be reinstated by a mere refund of the amount paid.

There was some discussion on the argument as to the meaning of a deficiency as defined in the revenue laws, but the entire tax imposed by the government was paid, and, if there was no tax, there could in the nature of things be no deficiency. Section 307 of

the Revenue Act of 1926 (26 USCA § 1100), in defining a deficiency, refers to amounts previously abated or refunded or otherwise repaid, but such amounts can only be deducted from an existing tax, and, where there is no tax, there can be no deductions.

For these reasons the complaint stated no cause of action in equity. The remedy of the government was an action at law to recover the amount of the refund, as was done by counterclaim in Talcott v. United States (C. C. A.) 23 F.(2d) 897. It only remains to consider what, if any, relief can be granted to the government on the record as it now stands, and, if none, what disposition should be made of the present appeal.

■ Section 267 of the Judicial Code (28 USCA § 384) provides that suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law; and, in view of this provision, we do not think a judgment in favor of the government is warranted. But it does not follow from this that the complaint should be dismissed. Section 274a of the Judicial Code (28 USCA § 397) provides: "That in case any of said courts shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court." And Equity Rule 22 provides: "If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

The complaint in this case alleged the imposition of the tax, its payment, and the unauthorized refund, and therefore stated a good cause of action at law. Talcott v. United States, supra. In Pierce v. National Bank of Commerce (C. C. A.) 268 F. 487, Judge Sanborn said: "Did the complaint state facts sufficient to constitute a cause of action, either at law or in equity, for if it stated a cause of action at law, this case should have been transferred to the law side of the court, and there proceeded with. The fact that a complainant in equity has an adequate remedy at law is no longer sufficient ground for the dismissal of the suit. Equity

Rule 22 (198 F. xxiv, 115 C. C. A. xxiv); Section 274b, Judicial Code, amendment of March 3, 1915, 38 Stat. 956 (Comp. St. § 1251b [28 USCA § 398]); Goldschmidt Thermit Co. v. Primos Chemical Co. (D. C.) 216 F. 382, 383; Goldschmidt Thermit Co. v. Primos Chemical Co. (D. C.) 225 F. 769, 772; Corsicana National Bank v. Johnson, 218 F. 822, 823, 134 C. C. A. 510, 511; Id., 237 F. 1016, 150 C. C. A. 665; Id., 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141; United States v. Utah Power Co. (D. C.) 208 F. 821; A. G. Wineman & Sons v. Reeves et al. [C. C. A.] 245 F. 254, 257, 258, 157 C. C. A. 446, 449, 450."

The case should therefore have been transferred to the law side of the court, and to that end the decree of the court below is reversed, and the cause remanded for further proceedings.

GILBERT, Circuit Judge (dissenting). The case is one in which it was competent for the court below to grant the relief which was sought, and the court had jurisdiction of the subject-matter of the controversy. The bill of complaint, while framed for equitable relief, contained all the necessary averments of a complaint in an action at law to recover judgment for money had and received, and judgment was rendered for the recovery of an amount of money shown by the stipulation of the parties to be due and owing to the United States from the appellant. For the reason that the appellee had an adequate remedy at law, it is proposed to reverse the judgment and remand the case in order that it may be placed on the law calendar of the court below for a new trial. To my mind the case is clearly one for the affirmance of the judgment so far as it concerns the recovery of the money adjudged to be due the appellee and for the reversal of that portion thereof which awards to the appellee a lien upon the property which had been assessed for taxes.

The rule is well settled that where, as here, it is competent for the court to grant the relief sought, and it has jurisdiction of the subject-matter, and where, as here, the fendant in a suit in equity submits to the jurisdiction in equity, it is too late thereafter to object that the plaintiff had a plain, adequate, and speedy remedy at law. The objection is one that "should be taken at the earliest opportunity." This is the rule as stated in Daniels, Chancery Practice, which is quoted and approved in Brown v. Lake Superior Iron Co., 134 U. S. 530, 535, 10 S. Ct. 604, 33 L. Ed. 1021. In Kilbourn

v. Sunderland, 130 U. S. 505, 9 S. Ct. 594, 32 L. Ed. 1005, the court said that the "objection should be taken at the earliest opportunity," and in Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 381, 14 S. Ct. 127, 129 (37 L. Ed. 1113), it was said: "It was a defense and objection which must be made in limine, and does not of itself oust the court of jurisdiction." It is a rule which has been consistently followed in this circuit. Southern Pac. R. Co. v. United States (C. C. A.) 133 F. 651, affirmed, 200 U. S. 354, 26 S. Ct. 298, 50 L. Ed. 512; McCloskey v. Pacific Coast Co. (C. C. A.) 160 F. 794, 22 L. R. A. (N. S.) 673; Original Consol. Mining Co. v. Abbott (C. C.) 167 F. 681, 683; Pacific Coal & Transportation Co. v. Pioneer M. Co. (C. C. A.) 205 F. 577, 582; Thomas v. South Butte Mining Co. (C. C. A.) 230 F. 968, 970; Muck v. Weyerhaeuser Timber Co. (C. C. A.) 273 F. 469, 473. And the same is true of the decision in other circuits, among which may be cited Cincinnati Equipment Co. v. Degnan (C. C. A.) 184 F. 834; Peale v. Marian Coal Co. (C. C.) 190 F. 376, 389; Toledo Computing Scale Co. v. Computing Scale Co. (C. C. A.) 142 F. 919, 922; Barrett Co. v. Panther Rubber Mfg. Co. (C. C. A.) 24 F.(2d) 329, 332.

The appellant filed a demurrer to the bill specifying various grounds of objection, but not including objection on the ground of the existence of an adequate remedy at law. After the demurrer was submitted and overruled, the appellant took leave to answer, and answered the bill on the merits, denying the material allegations thereof, and setting up affirmative defenses thereto, and praying for affirmative relief, in that the appellee be adjudged to have no lien against any property of the estate of Henry A. Pratt, deceased. However, in the body of the answer, it was alleged on information and belief that the plaintiff had a plain, speedy, and adequate remedy at law, but this allegation was not at any time brought to the attention of the trial court, nor did the appellant move under Equity Rule 22 to transfer the cause to the law side of the court. Evidence was taken on behalf of the appellee without objection from the appellant, and the parties joined in a stipulation as to the material facts in the case. After the appellee had rested, the appellant made a motion to dismiss on various grounds, one of which was that the appellee had an adequate remedy at law. I submit that the appellant had waived that objection by failing to include it in her demurrer and by answering to the merits

and asking affirmative relief and proceeding with the trial as above indicated without bringing the objection to the attention of the trial court. I am unable to discover any reason why the judgment should be reversed and the cause remanded for a new trial, nor can I see that any benefit therefrom will accrue to either party. The facts are stipulated, and they are all shown by the record; the appellant raises no new issue as to any of them, and there is no additional defense which she can make by virtue of a transfer to the law side of the court, and there is nothing that she can gain by a new trial of the cause.