**UNITED STATES of America,**
Appellant,

v.

**NORTHWESTERN MUTUAL INSUR-ANCE CO., a Washington corporation, Appellee.**

No. 17790.

United States Court of Appeals
Ninth Circuit.

April 4, 1963.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., Brockman Adams, and Payton Smith, Asst. U. S. Attys., Seattle, Wash., for appellant.

Hoyt M. Wilbanks, Jr., Seattle, Wash., for appellee.

Before MERRILL and BROWNING, Circuit Judges and MADDEN, Judge, United States Court of Claims.

MERRILL, Circuit Judge.

The United States appeals from a judgment of the district court granting taxpayer a refund of interest assessed on its income tax.

The interest had been assessed upon refunds of foreign tax which had been paid by the taxpayer and as to which it had previously taken federal income tax credit. The question presented by the appeal is as to the date from which interest on these deficiencies shall run. At issue is the sum of $2,468.11 assessed by the Washington District Director for the year 1955 and the sum of $300.48 assessed for 1957.

The assessments were made pursuant to the provisions of sections 905(c) and 6601(a) and (c) of the Internal Revenue Code of 1954 which are reproduced in the margin.[1]

Taxpayer is a Washington corporation which paid income tax to Canada on income derived from its branch office in Canada in the years 1955 and 1957 and obtained foreign tax credit against its United States income tax for both taxable years in accordance with section 901 of the 1954 Code. On November 25, 1957, taxpayer received a refund of income tax from Canada for 1955. It notified the District Director of this on November 26. He redetermined taxpayer's tax for 1955 and on May 1, 1959, sent the appropriate notice and demand for payment of the additional tax due by virtue of section 905(c). This notice included interest on the deficiency resulting from the Canadian refund for the period from the due date of taxpayer's 1955 return (March 15, 1956) to the date of receipt of the tax refund (November 25, 1957) equal to the amount of interest paid by Canada on the refund for the same period, calculated at the Canadian rate of 2 per cent per annum. It also included interest for the period from the date of receipt of the tax refund to the date of the notice of the additional tax due [2] (November 25, 1957, to May 1, 1959) at the statutory rate of 6 per cent per annum. A similar pattern of refund, notification and redetermination culminating in notice and demand oc-

---

1. Section 905(c). "If accrued taxes when paid differ from the amounts claimed as credits by the taxpayer, or if any tax paid is refunded in whole or in part, the taxpayer shall notify the Secretary or his delegate, who shall redetermine the amount of the tax for the year or years affected. The amount of tax due on such redetermination, if any, shall be paid by the taxpayer on notice and demand by the Secretary or his delegate * * *. No interest shall be assessed or collected on any amount of tax due on any redetermination by the Secretary or his delegate, resulting from a refund to the taxpayer, for any period before the receipt of such refund, except to the extent interest was paid by the foreign country or possession of the United States on such refund for such period."

Section 6601(a). "If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the rate of 6 percent per annum shall be paid for the period from such last date to the date paid."

Section 6601(c). "For purposes of this section, the last date prescribed for payment of the tax shall be determined under chapter 62 with the application of the following rules: * * *."

2. Taxpayer remitted for the interest on May 4, 1959, thereby stopping the running of interest as of May 1st, pursuant to section 6601(f) (4).

curred in connection with taxpayer's 1957 income tax.[3]

Taxpayer paid the assessed amounts of principal and interest and brought action for refund. It sought refund only of the 6 per cent interest charged for the period prior to receipt of notice and demand from the Commissioner. It did not contest the 2 per cent interest running from the return dates of the tax years involved (March 15, 1956 and 1958), to the refund receipt dates.

In granting the claimed refund, the district court concluded that the last date prescribed for payment of each of the redetermined taxes within the meaning of section 6601(a) and (c) was the date on which the Commissioner gave notice and demand to taxpayer presumably as specified in section 6155 of chapter 62 of the 1954 Code.[4] The United States contends that the relevant "last date" is the date prescribed for filing the corporate income tax return for the particular year involved as specified by section 6151(a) and (c) of chapter 62[5] in conjunction with section 6072(b).[6]

Taxpayer concedes that section 6151 establishes the basic rule for ascertaining the due date for payment of tax, but contends that it does not apply in the present circumstances because no return of tax is required to be filed upon receipt of a refund of foreign tax previously credited against federal income tax. Taxpayer misconstrues the meaning of the phrase "return of tax." As that phrase is employed in section 6151(a) it refers to a report disclosing taxpayer's income tax for a complete taxable year, not to a report notifying the Internal Revenue Service of an individual item of income, deduction or credit relating to taxpayer's tax for a given year. As of the date such a return must be filed, the tax for the year covered by the return becomes due and payable, and interest upon that debt starts to accumulate. The tax that is due and upon the basis of which interest is calculated is not necessarily the tax appearing on the face of the return. It is the tax lawfully due for the year, even if identification of the actual amount requires reference to later redetermination by the Commissioner caused by changed circumstances or disagreement with the return. Squire v. Puget Sound Pulp & Timber Co. (9 Cir., 1951) 181 F.2d 745; Abe M. Katz Co. v. United States (5 Cir., 1951) 193 F.2d 510. See United States v. Koppers Co. (1955) 348 U.S. 254, 75 S.Ct. 268, 99 L.Ed. 302.

3. The Canadian refund was received on December 11, 1959, the District Director was notified thereof on January 13, 1960, and assessment was made on March 4, 1960. Taxpayer's provisional payment on February 8th, prior to assessment, forestalled further interest claim on the sum so paid.

4. Section 6155(a). "Upon receipt of notice and demand from the Secretary or his delegate, there shall be paid at the place and time stated in such notice the amount of any tax (including any interest, additional amounts, additions to tax, and assessable penalties) stated in such notice and demand."

5. Section 6151(a). "Except as otherwise provided in this section, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary or his delegate, pay such tax to the principal internal revenue officer for the internal revenue district in which the return is required to be filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return)."
Section 6151(c). "In any case in which a tax is required to be paid on or before a certain date, or within a certain period, any reference in this title to the date fixed for payment of such tax shall be deemed a reference to the last day fixed for such payment (determined without regard to any extension of time for paying the tax)."

6. Section 6072(b). "Returns of corporations under section 6012 made on the basis of the calendar year shall be filed on or before the 15th day of March following the close of the calendar year, and such returns made on the basis of a fiscal year shall be filed on or before the 15th day of the third month following the close of the fiscal year."

Thus, deficiency notices pursuant to sections 6211 and 6212 of the 1954 Code require the taxpayer to pay the difference between the tax properly due under the Code, and the tax shown by the return (plus any deficiencies previously assessed or collected), and further charge the taxpayer with interest on this sum from the return date on which it was first owed to the Government. Manning v. Seeley Tube & Box Co. (1950) 338 U.S. 561, 565, 70 S.Ct. 386, 94 L.Ed. 346. Interest does not commence to run on the date taxpayer receives the deficiency notice, for the notice merely reminds taxpayer of its duty to pay a tax debt already due and does not create that liability.

This interpretation of the statutory scheme fully comports with the policy underlying the assessment of interest and the limitation upon the amount of interest properly assessable under section 6601 provided in section 905(c). Interest is assessed against taxpayer on overdue taxes on the theory that for the period during which the taxes were owed but unpaid taxpayer "had the use of funds which rightfully should have been in the possession of the United States," Manning, supra, at 566, 70 S.Ct. at 389, 94 L.Ed. 346, and should be charged for such use as an ordinary debtor. Where foreign taxes are refunded, taxpayer has use of the funds not only from the date of receipt of the refund, at which point it can invest the funds for itself, but also from the return date on which it took credit for payment to the foreign government to the extent that the foreign government reimbursed taxpayer for wrongfully detaining taxpayer's funds.

Congress exhibited its recognition of this distinction between free investment use of tax funds from the date of their refund by the foreign government to the date of their payment to the United States (which could properly be charged for at the statutory rate of 6 per cent per annum), and enforced investment of such funds with the foreign government (which should be charged for only at the actual rate of return), by enacting what is now the last sentence of section 905(c) in 1949. Int.Rev.Code of 1939 §. 131(c), added by ch. 720, § 2, 63 Stat. 891 (1949). The House and Senate Committees responsible for this amendment explained its purpose in identical language as follows:

"Your committee's attention has also been directed to the fact that some foreign countries either do not pay interest on refunds of income and excess-profits taxes or their interest rates are lower than the rate of interest on a deficiency determined under United States law. When a refund is made by a foreign country with respect to a tax for which credit has been allowed under section 131 of the code, interest must be paid on the resulting deficiency in United States tax. This may result in the taxpayer paying more interest to the United States with respect to the deficiency than he has received from the foreign country on the refund which gave rise to the deficiency. Your committee believes that it is only equitable to limit the amount of interest due on a deficiency resulting from such refund. Accordingly, section 131 has been amended to provide that no interest shall be collected for any period prior to the receipt of the refund except to the extent interest for such period was paid by the foreign country or possession on the amount of such refund." H.R. Rep. No. 920, 81st Cong., 1st Sess. 3 (1949); S.Rep. No. 831, 81st Cong., 1st Sess. 3 (1949); U.S.Code Cong. Service 1949, p. 2174.

The clear inference to be drawn from this amendment is that prior to its passage the full statutory rate of interest applied for the entire period from the due date of the return to the date of payment of the additional tax. The amendment did not shorten the period during which interest accumulated. It merely revised the rate of accumulation for a portion of that period.

When we apply this general statutory scheme to the present case, we find that

taxpayer was required to file returns for the years 1955 and 1957. Accordingly, the last date for filing each return was the last date upon which the tax lawfully due for the year, including the amount later obtained as a refund of Canadian tax, should have been paid. Accordingly, interest became payable as of these return dates and not as of the dates upon which the Commissioner gave notice and demand to taxpayer.

Reversed and remanded with instructions that judgment be entered for the United States.