931 F.2d 554
 67 A.F.T.R.2d 91-1012, 91-1 USTC P 50,217
 BROOKHURST, INC., as Successor by Merger with Commercial
Uniform Company, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
BROOKHURST, INC., as Successor by Merger with Commercial
Uniform Company, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 Nos. 89-55228, 89-55265.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1991.
Decided April 24, 1991.
 
 Avram Salkin, Hockman, Salkin & DeRoy, Beverly Hills, Cal., for plaintiff-appellant-cross-appellee.
 David English Carmack, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee-cross-appellant.
 Appeal from the United States District Court for the Central District of California.
 Before CANBY and RYMER, Circuit Judges, and LEVI,* District Judge.
 CANBY, Circuit Judge:
 
 
 1
 This appeal presents the question whether the government is entitled to collect an erroneously paid employment tax refund by assessment and levy. The parties have stipulated to the following facts.
 
 
 2
 On January 21, 1984, Brookhurst filed its Employer's Quarterly Federal Tax Return for the fourth quarter of 1983, reporting a $194,874.76 employment tax liability. Brookhurst paid this amount to the United States through periodic federal tax deposits and by way of two payments made in January and February 1984.
 
 
 3
 In May 1984, an IRS agent mistakenly assessed Brookhurst's liability for the fourth quarter of 1983 as $971.82. As a result, a tax credit for the fourth quarter of 1983 was entered, which in turn resulted in the mistaken recording of an overpayment. Consequently, the IRS prepared a refund to Brookhurst of the erroneously calculated overpayment plus $1,908.17 in interest for a total refund of $195,810.51. On May 7, 1984, the IRS notified Brookhurst that it would receive a refund in this amount. Brookhurst returned a copy of the notice with the notation, "our records indicate that our return was correctly filed. Please review your records and advise. Thank you." Brookhurst received the erroneous refund check on May 10, 1984, and deposited it into its corporate account shortly thereafter.
 
 
 4
 Two years later, the IRS realized its mistake. On May 19, 1986, the IRS entered a new employment tax assessment for the fourth quarter of 1983 in the amount of $193,902.91, plus $57,234.34 in interest. A notice of demand for payment of the taxes was issued to Brookhurst on the same day. Through levies issued between December 1986 and March 1987, the IRS collected the newly assessed employment tax, plus $72,671.09 in interest, $7,898.44 in failure-to-pay penalties, and $36.00 in fees and collection costs for a total of $274,508.44.
 
 
 5
 Brookhurst initiated this action against the IRS to recover the $274,508.44.[1] The district court held that the government could properly collect the erroneous refund through levies, but that it lacked statutory authority to assess interest or failure-to-pay penalties on the erroneous refund. The district court also denied Brookhurst's request for attorneys' fees and costs.
 
 
 6
 Brookhurst appeals the district court's decision that the government properly collected the erroneous refund. The government cross-appeals the district court's determination that it lacked statutory authority to assess interest on the refunded monies.[2] Additionally, Brookhurst requests attorneys' fees and costs pursuant to section 26 U.S.C. Sec. 7430. We affirm on Brookhurst's appeal and reverse on the government's cross-appeal.
 
 ANALYSIS
 1. Recovery of the erroneous refund
 
 7
 The government relied on Internal Revenue Code sections 6204(a) and 6502(a)(1) in reassessing Brookhurst's tax liability and collecting the reassessed taxes by levy. These sections provide:
 
 
 8
 The Secretary may, at any time within the period for assessment, make a supplemental assessment whenever it is ascertained that any assessment is imperfect or incomplete in any material respect.
 
 
 9
 26 U.S.C. Sec. 6204(a) (1988).
 
 
 10
 Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun--
 
 
 11
 (1) within 6 years after the assessment of the tax....
 
 
 12
 26 U.S.C. Sec. 6502(a)(1) (1988).
 
 
 13
 Brookhurst contends that the government wrongfully collected the refunded monies by levy. Brookhurst asserts that the government could only recover the monies by commencing a civil action pursuant to section 7405(a) of the Code.[3] Such an action must be commenced within two years of the refund. 26 U.S.C. Sec. 6532(b). Because the limitations period has expired, Brookhurst asserts that the government is not entitled to collect the refunded monies.
 
 
 14
 Brookhurst concedes, as it must, that the government may utilize any procedure authorized by the Internal Revenue Code to collect taxes owed. The courts uniformly have upheld the government's employment of summary collection procedures. See Beer v. Commissioner, 733 F.2d 435 (6th Cir.), cert. denied, 469 U.S. 857, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984); Ideal Realty Co. v. United States, 561 F.2d 1123 (4th Cir.1977); Warner v. Commissioner, 526 F.2d 1, 2 (9th Cir.1975); C & R Investments, Inc. v. United States, 444 F.2d 765 (10th Cir.1971). Brookhurst argues that the tax collection procedures authorized by the Code and discussed in the previously cited decisions are not applicable to the present case because Brookhurst owes no taxes; Brookhurst contends that it satisfied its 1983 fourth quarter tax liability by paying the full amount of taxes owed in February 1984. According to Brookhurst, a tax once paid cannot be revived by a subsequent refund. Brookhurst relies on United States v. Young, 79-2 U.S. Tax Cas. (CCH) p 9609 (1979) and Kelley v. United States, 30 F.2d 193 (9th Cir.1929).
 
 
 15
 In United States v. Young, 79-2 U.S.T.C. (CCH) p 9609 (1979), the IRS assessed a penalty against Young for failure to pay his employee withholding tax. In February 1971, the taxpayer paid the penalty in full, but the IRS mistakenly credited the payment to Young's sole proprietorship account instead of his individual account. Because this account was current, the IRS refunded to the taxpayer the penalty payment and interest. Over five years later, the IRS brought an action to recover the erroneous refund plus interest. The taxpayer moved for summary judgment on the ground that the action was barred by the two-year statute of limitations for commencing such an action. The government countered that the six-year limitations period for collection of overdue assessments governed the action. Noting that the government had conceded that the original assessment was paid in full, the court concluded that the suit was designed to recover an erroneous refund and was therefore subject to the two-year limitations period.
 
 
 16
 In Kelley v. United States, 30 F.2d 193 (9th Cir.1929), the IRS accepted an executrix's application for a refund of half of the previously paid estate taxes. The IRS later brought an action in equity to recover the refund, claiming that it had been improperly granted because of an erroneous interpretation of the law. The court held that the government failed to state a cause of action in equity. The court reasoned: "When once paid, a tax is gone, and a refund of the money does not restore it." Id. at 193. Nonetheless, the court noted that the complaint did state a cause of action at law.
 
 
 17
 We find neither Young nor Kelley controlling. Neither case addresses the issue before this court: whether the government may reassess a taxpayer's tax liability, thus creating a new tax obligation. In Young, the statutory period for reassessment had expired. In Kelley, the government could not have reassessed the taxpayer's liability because the original assessment was neither imperfect nor incomplete.
 
 
 18
 If the Code authorizes the government to "reassess" Brookhurst's tax liability and to collect by levy the reassessed taxes, we must uphold the government's collection of Brookhurst's 1983 fourth quarter employment taxes. Reviewing the statute, we conclude that the government was entitled to collect by levy the unpaid taxes in the present action. Code section 6204(a) clearly permits the government to reassess an earlier imperfect or incomplete assessment of taxpayer liability if the assessment is completed within three years from the date the tax return was filed. In addition, section 6502 permits the government to collect the reassessed tax by levy within six years after a timely reassessment. Here the initial assessment of Brookhurst's liability was imperfect. The IRS timely reassessed Brookhurst's tax liability within the three year statutory period and collected the taxes owed within the six year collections period.
 
 
 19
 The legislative history supports this reading. A Senate Report explaining the predecessor of section 7405 states:
 
 
 20
 [Section 610] provides that any erroneous refund, of either class, may be recovered by suit brought in the name of the United States if such suit is begun within two years after the making of the refund. Obviously, if the limitation period on the making of assessments has not expired, the erroneous refund may be recovered by assessment in the ordinary manner.
 
 
 21
 S.Rep. No. 960, 70th Cong., 1st Sess. 42 (1928), reprinted in 1939-1 C.B. (Part 2) 409, 438; see Black Prince Distillery, Inc. v. United States, 586 F.Supp. 1169, 1173 (D.N.J.1984). Accordingly, we affirm the district court's holding that the government properly recovered the erroneously refunded monies.[4]
 
 2. Assessment of Interest
 
 22
 The government points to Code section 6601(a) in support of its authority to assess interest on the erroneously refunded monies. This section provides:
 
 
 23
 If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.
 
 
 24
 26 U.S.C. 6601(a) (1988). Because Brookhurst was liable for employment taxes, the government asserts it is entitled to assess interest for the monies owed pursuant to section 6601(a). Brookhurst notes that under the language of this section, the government may assess interest on taxes "not paid." Brookhurst challenges the government's authority to recover interest on the basis of its earlier-advanced argument that its tax liability was satisfied by the February 1984 payment. As we stated above, we do not agree that Brookhurst satisfied its employment tax obligation. The government's supplemental assessment of Brookhurst's income taxes created a new tax liability which Brookhurst was obligated to pay.
 
 
 25
 We reject Brookhurst's suggestion that it is unfair for it to be charged interest when it promptly notified the government of the error. Interest is not a penalty. The government paid interest to Brookhurst along with the refund when it believed that it had improperly enjoyed the use of Brookhurst's money. Similarly, Brookhurst must now pay interest on "the theory that for the period during which the taxes were owed but unpaid taxpayer 'had use of funds which rightfully should have been in the possession of the United States' and should be charged for such use as an ordinary debtor." United States v. Northwestern Mutual Ins. Co., 315 F.2d 723, 726 (9th Cir.1963) (citation omitted).
 
 
 26
 Because Brookhurst presents no further challenges to the government's ability to collect interest on the monies, we need only determine whether the government correctly calculated the amount of interest owing. This requires us to decide whether interest should be assessed from the date the return was due or from the date on which the government refunded the monies. In United States v. Northwestern Mutual Ins. Co., 315 F.2d 723 (9th Cir.1963), we held that section 6601 authorizes the government to assess interest from the date the tax return must be filed, "even if identification of the actual amount of tax liability requires reference to later redetermination by the Commissioner caused by changed circumstances or disagreement with the return." Id. at 725. Under this rule, a taxpayer who initially failed to satisfy his tax liability is obligated to pay interest on the taxes due from the date the tax return should have been filed, regardless of whether the failure to pay resulted from the taxpayer's miscalculation or the government's redetermination of the tax liability.
 
 
 27
 This rule is not applicable in the present case. Here Brookhurst correctly assessed its tax liability and timely paid its taxes. These taxes remained paid until the government erroneously refunded the monies on May 10, 1984. In a similar situation, the Second Circuit concluded that interest begins to accumulate "when a tax becomes both due and unpaid." Avon Products, Inc. v. United States, 588 F.2d 342, 344 (1978). The purpose of section 6601 is best served by this interpretation of the rule. A taxpayer who timely pays his taxes is not penalized when the government erroneously refunds those monies. Rather, the taxpayer is charged interest only for the time he had the use of funds which rightfully belonged to the United States.
 
 
 28
 We conclude that the government properly assessed interest on the erroneously refunded monies from May 10, 1984, the date on which Brookhurst's taxes became both unpaid and due. We therefore reverse the district court's determination that the government lacked statutory authority to collect interest on the refunded monies from that date.
 
 
 29
 As a result of our decision, we reject Brookhurst's request for attorneys' fees and costs. 26 U.S.C. Sec. 7430.
 
 
 30
 The decision on Brookhurst's appeal is AFFIRMED. The decision on the government's cross-appeal is REVERSED.
 
 
 
 *
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 [1]
 Brookhurst first exhausted its administrative remedies by filing an administrative claim for a refund. The IRS denied the claim in April 1987
 
 
 [2]
 The government does not challenge the district court's determination that it lacked authority to impose failure-to-pay penalties pursuant to 26 U.S.C. Sec. 6651(a)
 
 
 [3]
 Section 7405(a), entitled "Action for recovery of erroneous refunds," provides:
 Refunds after limitation period.--Any portion of a tax imposed by this title, refund of which is erroneously made within the meaning of section 6514, may be recovered by civil action brought in the name of the United States.
 26 U.S.C. Sec. 7405(a) (1988).
 
 
 [4]
 The reassessed taxes properly included the $1,907.52 in interest that the government paid to Brookhurst in the erroneous refund of May 8, 1984. See Treas.Reg. Sec. 301.6201-1(a); Ideal Realty Co., 561 F.2d at 1124-25