693

**JONES, Collector of Internal Revenue v. JOHNSON et al.**

No. 3847.

United States Court of Appeals
Tenth Circuit.

Aug. 8, 1949.

———◆———

Lester L. Gibson, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, George R. Parsons, Sp. Assts. to Atty. Gen., and Robert E. Shelton, United States Attorney, Oklahoma City, Okl., on the brief), for appellant.

Charles H. Garnett, Oklahoma City, Okl. (W. K. Garnett, Oklahoma City, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, United States Circuit Judges.

HUXMAN, Circuit Judge, delivered the opinion of the court.

Plaintiffs, Trustees of the Johnson Ice Cream Company, instituted this action against the Collector of Internal Revenue in the United States District Court for the Western District of Oklahoma, to recover interest paid on a deficiency in excess profits tax for the year 1942. The material facts were stipulated and may be summarized as follows:

The Ice Cream Company, since dissolved, filed its excess profits tax return on March 15, 1943, showing a liability of $13,449.62, from which was deducted $4,478.72, the "amount deferred by reason of the application of Section 710(a) (5) [26 U.S.C.A. § 710(a) (5)] (relating to abnormality under Section 722 [26 U.S.C.A. § 722] )." The balance was paid during 1943.

On June 15, 1943, an application for relief and benefit of the Company was filed in respect to the above excess profits tax under the provisions of Section 722, Internal Revenue Code, 26 U.S.C.A. § 722.[1] This application was amended on September 15, 1943. Upon investigation by a revenue agent, the Commissioner disallowed the application for relief and instead

---

[1] Section 722, Internal Revenue Code provides that where a taxpayer establishes that the excess profits tax computed under the general rules of the Subchapter results in an excessive and discriminatory tax due to the fact that the general base period of 1936–39 is abnormal for the particular taxpayer, application for relief may be made under the detailed provisions of this section.

determined a deficiency in the Company's excess profits tax of $20,212.96 for the year and so notified the Company by registered letter under date of September 18, 1944. With this letter, the Commissioner submitted the revenue agent's report and approved the statement therein of the Company's total tax liability for the year 1942 as determined by him. This report showed a deficiency of $31.98 in normal income tax and $20,212.96 in excess profits tax. This determination of deficiencies was agreed to, the Company executed a waiver of Restrictions on Assessment and Collection of Deficiency in Tax, and on the November 17, 1944 assessment list there was assessed against the Company a deficiency in excess profits tax of $20,212.96, with interest in the amount of $1,771.26. The Company fully paid this amount, plus the interest, in installments between December 19, 1944 and February 18, 1946, at which time an additional assessment of interest in the amount of $743.76 was made and paid by the Company.

On July 3, 1947, plaintiffs, as trustees for the now dissolved company, filed claims for refund of the interest paid with the Commissioner through the office of the defendant collector. On September 10, 1947, the Commissioner rejected the claims and this action followed. The parties agreed that the amount of interest refundable, if any, was $2,146.42. The trial court found for plaintiff in that amount and entered judgment accordingly. The Collector has appealed.

Section 292(a), Internal Revenue Code, 26 U.S.C.A. § 292(a), provides in substance for the collection of interest on all deficiencies in income taxes. This section, however, is modified by Section 292(b), which states that where "a deficiency * * * is determined by the Commissioner to be attributable to the final determination of an application for relief or benefit under section 722 for any taxable year * * * no interest shall be assessed or paid with respect to such part of the deficiency for any period prior to one year after the filing of such application, or September 16, 1945, whichever is the later."

There is no dispute that an application for relief under Section 722, Internal Revenue Code, was made. Evidently no abnormality was found to exist in appellant's normal income for the base period which would result in an excessive and discriminatory excess profits tax, if computed under the general rules of the Subchapter relating to excess profits tax, because no relief was granted by virtue of the provisions of Section 722, but instead the Commissioner determined deficiencies both in the normal income tax and in the excess profits tax. The basis upon which these deficiencies were computed does not appear in the record.[2] The trial court held that the deficiency in excess profits tax was "attributable to the final determination of an application for relief" under Section 722, and that therefore interest should not have been assessed thereon.

We think the trial court misconstrued the effect of Section 292(b). This Section is an exception to the general rule laid down in Section 292(a) requiring the payment of interest on all deficiencies in taxes. Its intent and purpose is to provide that no interest shall be allowed on any adjustment in excess profits taxes resulting from an application filed under the provisions of Section 722. The adjustment or determination of a deficiency must result from the provisions of Section 722. In other words, if an investigation, pursuant to an application under Section 722, reveals that the net income of the taxpayer during the base period was of such a nature that the determination of the excess profits tax, pursuant to the regular statutory provisions, would result in an excessive and arbitrary exaction, an adjustment must be made, and in such event no interest shall accrue. If the taxpayer is entitled to a refund as a result of such a determination, he collects no interest. If, on the other hand, he owes additional excess profits taxes, he pays no

---

[2] Since no adjustment was made in excess profits taxes by virtue of abnormalities in appellant's net income for the base period, it must follow that these additional taxes, both normal and excess profits taxes were computed under the regular statutory provisions relating thereto.

interest. This conclusion is impelled not only by the language of the Section but also by the construction Congress apparently placed on it.[3]

Reversed.

[3] H. Rep. No. 722, 78th Congress, 1st Session, Page 2, states:

"The bill provides that no interest shall be allowed on overpayments attributable to determinations under section 722 with respect to taxable years beginning in 1940 and 1941. Correspondingly, no interest will be collected on deficiencies resulting from such determinations for those years. Since section 722 as amended by the Revenue Act of 1942 was made retroactive to grant relief for taxable years beginning in 1940 and 1941, it is believed proper not to allow interest on overpayments or collect interest on deficiencies resulting from the application of this section to such years. * * * "

A similar interpretation was given the section by the Senate Finance Committee. Senate Rep. No. 508, 78th Congress, 1st Session, Page 2.