SQUIRE, Collector of Internal Revenue, v.
PUGET SOUND PULP & TIMBER CO.

No. 12368.

United States Court of Appeals
Ninth Circuit.

April 28, 1950.

Rehearing Denied May 19, 1950.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, James P. Garland and Harry Marselli, Sp. Assts. to the Atty. Gen., J. Charles Dennis, U. S. Atty., Seattle, Wash., for appellant.

George H. Koster, San Francisco, Cal., Robert H. Evans, Seattle, Wash., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

The question presented is from what date interest begins to run against the taxpayer on the portion of excess profits tax of which payment is deferred under § 710 (a) (5) of the Internal Revenue Code, 26 U.S.C.A. § 710(a) (5).[1]

Appellee taxpayer, a corporation, reported in its 1942 return excess profits tax net income in excess of 50% of its normal tax net income, computed without the credit provided in § 26(e), 26 U.S.C.A. § 26(e). At the time of making its return appellee claimed a reduction in its excess profits net income under § 722, 26 U.S.C.A. § 722, which provides for such reductions where the excess profits tax can be shown to be excessive and discriminatory under certain

---

1. Sec. 710(a) (5) of the Internal Revenue Code:

   "(a) Imposition.

   \*     \*     \*     \*     \*

   "(5) Deferment of payment in case of abnormality. If the adjusted excess profits net income (computed without reference to section 722) for the taxable year of a taxpayer which claims on its return, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, the benefits of section 722, is in excess of 50 per centum of its normal tax net income for such year, computed without the credit provided in section 26(e) (relating to adjusted excess profits net income), the amount of tax payable at the time prescribed for payment may be reduced by an amount

   equal to 33 per centum of the amount of the reduction in the tax so claimed. For the purposes of section 271, if the tax payable is the tax so reduced, the tax so reduced shall be considered the amount shown on the return. Notwithstanding any other provision of law or rule of law, to the extent that any amount of tax remaining unpaid pursuant to this paragraph is in excess of the reduction in tax finally determined under section 722, such excess may be assessed at any time before the expiration of one year after such final determination."

   Note: Sec. 271, 26 U.S.C.A. § 271, provides that a deficiency shall be the excess of the amount of tax due over the amount shown on the return, assuming there are no previous deficiencies or rebates.

circumstances unnecessary to discuss here. Appellee deferred payment of 33% of the claimed § 722 reduction pursuant to the permission granted therefor by § 710(a) (5). On August 29, 1944, the Commissioner determined that appellee was entitled to no relief under § 722 and on September 30, 1944, he, the Commissioner, assessed additional excess profits taxes against appellee, including the 33% deferred under § 710(a) (5), together with interest from March 15, 1943, the date prescribed for payment of excess profits taxes for 1942. Appellee paid the amount assessed and filed a claim for refund of interest on the 33% deferred amount accruing between March 15, 1943 and August 29, 1944. The claim being rejected appellee brought suit against appellant collector for $11,640.98, the amount of refund claimed. The district court held that the date prescribed for payment of the 33% deferred amount was September 30, 1944, the date of notice and demand for payment, and that appellee was not liable for interest accruing before that date.

Section 292(a) of the Internal Revenue Code, 26 U.S.C.A. § 292(a), provides: "(a) General rule. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum *from the date prescribed for the payment of the tax * * * to the date the deficiency is assessed * * *.*" (Emphasis supplied.) Under § 710(a) (5), as applied to appellee's 1942 excess profits tax return, "the amount of tax payable *at the time prescribed for payment* may be reduced by * * * .33 per centum * * * of the reduction in the tax so claimed." (Emphasis supplied.) If this reduction in tax payable is later found to be due § 710 (a) (5) permits it to be assessed just as though it were an ordinary deficiency due at the time the remainder of the tax became payable but omitted from the amount shown on the return. The "date prescribed for the payment of the tax" (the date from which interest is due under § 292(a)) is not changed by the taxpayer's decision to defer *part* of the tax pending a determination of his § 722 claim, as he is permitted to do by § 710(a) (5). The "tax" in the quoted phrase means the *whole* tax, not the amount which the taxpayer is privileged to defer under § 710(a) (5). The underlying purpose of these sections reflects a legislative intent to treat a deferred amount, which is later determined to be owing, just as if it had been owing from the date the tax became due.

Section 292(b) fortifies this conclusion. It provides that interest shall not be payable prior to September 16, 1945, on a deficiency attributable to the final determination of an application for relief under § 722, *excluding* any portion of a deficiency arising from deferment of tax under § 710(a) (5). Although this section makes no affirmative provision as to payment of interest on deferred amounts, it indicates an intent that such amounts be subject to interest just as if § 710(a) (5) did not permit them to be deferred.

Our construction of these sections is in harmony with the general scheme of relief which Congress provided for taxpayers burdened with excessive or discriminatory excess profits taxes. Section 722 authorizes the taxpayer to apply for an administrative determination that he is entitled to relief. If the taxpayer is granted relief under § 722 such as to entitle him to a refund, § 3771(g), 26 U.S.C.A. § 3771(g), provides that he is not entitled to interest on such refund prior to September 16, 1945. Therefore, the relief granted by § 722 is insufficient to compensate him, pending the administrative determination of his application, for the loss resulting from the withholding of money he is eventually entitled to have returned. To guard against this potential loss § 710(a) (5) enables the taxpayer to retain the use of one-third of the § 722 reduction for which he has applied, pending the administrative determination. If the Commissioner finally determines that the taxpayer was entitled to at least one-third of the relief applied for, the objective of § 710(a) (5) to relieve the taxpayer of the loss of the use of funds which are rightly his, has been carried out. On the other hand, should the Commis-

sioner determine that the taxpayer is entitled to no relief, as in the instant case, the taxpayer has had the use of funds which were not legally his and so should pay interest for such use. In enacting the sections of the income tax laws applicable to the instant case it seems reasonable to conclude that Congress had in mind that to permit a taxpayer to retain interest-free the use of tax funds deferable under § 710(a) (5) which would later be found to be due and owing the Government would be an encouragement to taxpayers to apply for the maximum relief under § 722 and to take the fullest advantage possible of the 33% deferment provision. On the other hand, by requiring taxpayers to pay interest for the use of money representing such deferred tax, later found to be due and owing, a more determined attempt to defer no more of the tax than the taxpayer was convinced would be granted by way of relief under § 722 would be made.

Judgment reversed.