### ABE M. KATZ CO. v. UNITED STATES.
### Civ. A. No. 696.

United States District Court
S. D. Texas, Corpus Christi Division.
Nov. 15, 1950.

Howell Ward, Corpus Christi, Tex., J. Manuel Hoppenstein, Dallas, Tex., for plaintiff.

Brian S. Odem, U. S. D. Atty., Bruce R. Merrill, Asst. U. S. Atty., Houston, Tex., for defendant.

ALLRED, District Judge.

Action to recover interest paid on excess profits tax deficiency, brought under Sections 1340, 1346, of the Judicial Code, 28 U.S.C.A. Both plaintiff and defendant have made motions for summary judgment upon the pleadings.

For the fiscal year beginning September 1, 1942 and ending August 31, 1943, plaintiff had an excess profits tax deficiency in the sum of $38,482.19.

On February 14, 1944, plaintiff paid as excess profits tax $74,258.61, deferring, under Section 710(a) (5), of the Internal Revenue Code, 26 U.S.C.A. § 710(a) (5), payment of the balance, $38,482.19.

Thereafter plaintiff filed in good faith a bona fide application for relief, under Section 722, of the Internal Revenue Code, 26 U.S.C.A. § 722, and prosecuted same with due diligence until it was denied by the Commissioner on January 19, 1949. Meantime, however, plaintiff paid the deferred tax and interest at 6% from November 15, 1943 to October 17, 1946, a total of $6,342.88, the amount sought to be recovered in this action.

The parties agree that the sole question to be decided is: Was the taxpayer required to pay interest on its excess profits tax for 1942, during the pendency of its application for relief under Section 722, since one-third of such excess profits tax was legally deferred by the application filed under Section 710(a) (5).

Plaintiff's contention that interest would not commence until action was taken by the Collector on its application for relief under the provisions of Section 710(a) (5) has been adversely settled in Jones v. Johnson, 10 Cir., 176 F.2d 693, and Squire v. Puget Sound Pulp & Timber Co., 9 Cir., 181 F. 2d 745.

Plaintiff cites the unreported decisions of the District Judges in both of the above cases as being more sound than the decisions of the Circuit Courts; and urges that, since the question has not been passed on in this Circuit, I should follow the District Court decisions, which were reversed.

The Court of Appeals' decisions for the 9th and 10th Circuits, cited above, seem to me to be the better reasoned. Judgment will be for defendant.

The Clerk will notify counsel who will prepare an order accordingly.