## ABE M. KATZ CO. v. UNITED STATES.

### No. 13513.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1951.

Rehearing Denied Jan. 18, 1952.

Samuel E. Ziegler, J. Manuel Hoppenstein, Dallas, Tex., for appellant.

S. Dee Hanson, Special Asst. to the Atty. Gen., Brian S. Odem, U. S. Atty., Washington, D. C., Bruce R. Merrill, Asst. U. S. Atty., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Special Asst. to the Atty. Gen., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This is an action against the Collector of Internal Revenue to recover interest paid by appellant on his excess-profits-tax deficiency for the fiscal year ending August 31, 1943. The said deficiency represented an amount as to which the appellant had deferred payment as authorized by Section 710(a) (5) of the Internal Revenue Code. 26 U.S.C. § 710(a) (5). Extensions were granted; thereafter, the taxpayer filed a *bona fide* application for relief, which application was denied on January 19, 1949. Prior to the denial, the taxpayer paid in full the excess-profits tax plus interest thereon, and brought this suit to recover the interest paid on that portion of the excess-profits tax as to which payment had been deferred.

The sole issue presented in the case is whether interest was legally chargeable upon the amount of the deferred payment from March 15, 1943, to the date of payment. The trial court held that it was; and our conclusion is in accord with that holding, because, we think, despite the deferral of payment of excess-profits taxes under Section 710(a) (5) of the Internal Revenue Code, the taxpayer is nevertheless liable for statutory interest thereon where, as here, its application for relief has been denied by the Commissioner. This identical question was before the Court of Appeals for the Ninth Circuit in Squire v. Puget Sound Pulp & Timber Co., 181 F.2d 745, and we are in agreement with the holding in that case. See also, to the same

effect, Jones v. Johnson, 176 F.2d 693, by the Tenth Circuit. Cf. Manning v. Seeley Tube & Box Co., 338 U.S. 561, 568, 70 S.Ct. 386, 94 L.Ed. 346.

The basic reason for our decision in the instant case is the plain language of the statute, properly construed, which excludes from the no-interest exemption only such portion of a deficiency as may be determined by the Commissioner to exceed any refund or credit of excess-profits tax arising from the operation of Section 722 of the Internal Revenue Code, 26 U.S.C.A. § 722. The pertinent part of the controlling statute is the second sentence of subdivision (b) of Section 292 of Title 26 U.S.C.A., as amended by the Act of December 17, 1943. Subdivision (a) of said Section 292 states the general rule to be that interest shall be collected from the date prescribed for the payment of the tax. The first sentence of subdivision (b) thereof provides that no interest shall be assessed or paid upon any part of a deficiency for a taxable year beginning January 1, 1942, as to which an application for relief or benefit under Section 722 is granted by the Commissioner. Except for this provision, interest would be payable under the principles announced in Manning v. Seeley Tube & Box Co., 338 U.S. 561, at page 566, 70 S.Ct. 386, 94 L. Ed. 346, which says, that even when the Commissioner, at the request of the taxpayer, authorizes an extension of the time of payment, interest must be paid by the taxpayer for the period of the extension; and that when the Commissioner assesses a deficiency he also may assess interest on that deficiency from the date the tax was due to the date of the assessment.

It has been said that the second sentence in subdivision (b) offends not only the grammarian but any ordinary individual, though not an expert in tax phraseology. This may be true, but we cannot disregard the amended or parenthetical part of the sentence, which excludes such portion of a deficiency as may be determined by the Commissioner to exceed any refund or credit of excess-profits taxes arising from the operation of said Section 722. From the language employed, the legislative intention is clear; the validity of the Commissioner's determination that the taxpayer was not entitled to any relief in respect to its excess-profits tax is not in issue; and the plain purpose of the interest-exemption provision of the statute was to preclude only the assessment of interest on any adjustment favorable to the taxpayer resulting from his application for relief. The legislative purpose was to treat a deferred amount, which was later determined to be owing, just as if it had been owing from the date that the tax became due. Although Section 292(b) makes no express provision for interest on deferred amounts that are subsequently determined to be owing, it impliedly indicates that such amounts shall be subject to the general statutes on the subject as construed in Manning v. Seeley Tube & Box Co., 338 U.S. 561, 566, 70 S.Ct. 386, 94 L.Ed. 346.

The judgment appealed from is affirmed.