**CAMERON IRON WORKS, Inc.**

v.

**The UNITED STATES.**

No. 695-53.

United States Court of Claims.
May 3, 1955.

G. Kibby Munson, Washington, D. C., Charles B. McInnis, Philip S. Jessup, and Roberts & McInnis, Washington, D. C., on the briefs, for plaintiff.

Elizabeth B. Davis, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff sues to recover $1,461.32, with interest thereon. This sum represents interest alleged to have been erroneously collected under section 292(b) of the Internal Revenue Code, 26 U.S.C. § 292(b), on an income tax deficiency arising out of the operation of section 722 of the Code, 26 U.S.C. § 722. The facts have been stipulated by the parties and may be summarized as follows:

The plaintiff's income and excess profits tax returns for the fiscal year ended June 30, 1944, disclosed a liability for income taxes in the amount of $84,-263.02 and for excess profits taxes in the amount of $865,248.99. The plaintiff claimed its right under section 710 (a) (5) of the Code, 26 U.S.C. § 710(a) (5), to defer $153,046.65 of its excess profits tax, and duly paid the balance of its excess profits tax and income tax.

On November 14, 1945, the plaintiff filed a claim for relief under section 722 of the Code and while this claim was pending the Commissioner of Internal Revenue proposed a deficiency of $180,-563.46 in excess profits tax and a deficiency in income tax of $944.53 for the fiscal year ended June 30, 1944. This asserted deficiency in excess profits tax included the $153,046.65 sum which had been deferred.

Thereafter, the plaintiff filed a petition with the Tax Court for a redetermination of the deficiencies and while the petition was pending a settlement of its claim for relief under section 722 was reached with the Internal Revenue Service by the partial allowance of the claim. As a result of this settlement, it was stipulated in the Tax Court proceeding that there was a deficiency in excess profits tax due in the amount of $142,217.13, and a deficiency in income tax in the amount of $23,079.19, of which $22,084.66 was attributable to the allowance of relief under section 722. The Tax Court entered its judgment in accordance therewith.

The Commissioner assessed interest of $8,365.41 on the above-mentioned

amount of $23,079.19 from September 15, 1944, the date the return was due, to October 20, 1950, the date of assessment of the deficiency, which interest was paid on February 7, 1951. On June 30, 1952, the plaintiff filed a claim for refund of interest in the amount of $2,867.37. This claim was rejected on February 17, 1953, and suit was instituted in this court on December 31, 1953.

The plaintiff now claims interest in the amount of $1,461.32. This sum represents interest on $11,255.14, which is the amount by which the sum of unpaid excess profits taxes ($142,217.13) plus the deficiency in income taxes attributable to section 722 relief ($22,084.66) exceeds the amount of the excess profits tax deferred ($153,046.65), computed from the due date of the return, September 15, 1944, to one year after the date of the filing of the claim for section 722 relief, November 14, 1946.

The pertinent part of section 292(b) provides:

"(b) Deficiency resulting from relief under section 722. * * * If any part of a deficiency for a taxable year beginning after December 31, 1941, is determined by the Commissioner to be attributable to the final determination of an application for relief or benefit under section 722 for any taxable year (excluding any portion of a deficiency of excess profits taxes constituting a deficiency by reason of deferment of tax under section 710(a) (5), and excluding, in case the taxpayer has availed itself of the benefits of section 710(a) (5), such portion of a deficiency under Chapter 1 as may be determined by the Commissioner to exceed any refund or credit of excess profits tax arising from the operation of section 722), no interest shall be assessed or paid with respect to such part of the deficiency for any period prior to one year after the filing of such application, or September 16, 1945, whichever is the later."

Section 710(a) (5) provides:

"Deferment of payment in case of abnormality. If the adjusted excess profits net income (computed without reference to section 722) for the taxable year of a taxpayer which claims on its return, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, the benefits of section 722, is in excess of 50 per centum of its normal tax net income for such year, computed without the credit provided in section 26(e) (relating to adjusted excess profits net income), the amount of tax payable at the time prescribed for payment may be reduced by an amount equal to 33 per centum of the amount of the reduction in the tax so claimed. For the purposes of section 271, if the tax payable is the tax so reduced, the tax so reduced shall be considered the amount shown on the return."

■ Section 292(a) requires the assessment and payment of interest on all deficiencies from the original date prescribed for payment of the tax to the date the deficiency is assessed, unless a waiver is filed. Section 292(b), which is an exception to the general rule, provides that no interest is to be assessed or paid on deficiencies attributable to the application of section 722. However, there are two exclusions from this exception. The first exclusion provides that interest shall be assessed and paid on any portion of an excess profits tax deficiency constituting a deficiency by reason of deferment of excess profits tax under section 710(a) (5). This exclusion is applicable when the amount of tax deferred is in excess of the amount of the section 722 relief. This exclusion requires the payment of interest on any excess profits tax deficiency that is attributable to the deferment of tax under section 710(a) (5). The taxpayer is required under the general rule provided in section 292(a), to pay interest on all excess profits tax deficiencies not attributable to section 722 relief. Thus in the usual case the taxpayer is re-

quired to pay interest on all excess profits tax deficiencies from the date prescribed for payment until the assessment date unless a waiver is filed. S.Rep. No. 1631, 77th Cong., 2d Sess., p. 205; Jones v. Johnson, 8 Cir., 176 F.2d 693; Squire v. Puget Sound Pulp & Timber Co., 9 Cir., 181 F.2d 745; Abe M. Katz Co. v. United States, 5 Cir., 193 F.2d 510.

The second exclusion from the exception as to payment of interest provides that interest shall be assessed and paid on any income tax deficiency that *exceeds* any refund or credit of excess profits tax arising from the operation of section 722.

The Senate Committee on Finance inserted these two exclusions in the 1943 Revenue Act.[1] In its report[2] this Committee stated:

> " * * * Since, under the bill, taxpayers which have paid their taxes in full, without the application of section 722, will receive any refunds with interest only for the periods provided, taxpayers who have availed themselves of the deferment provided by section 710(a) (5) should be required to pay interest on the amount by which they have underpaid."

We do not know the amount of the excess profits tax deficiency not attributable to the deferment of excess profits tax under section 710(a) (5), nor do we know the amount of the excess profits tax deficiency attributable to the deferment or the amount of the section 722 relief. The parties merely stipulated in the Tax Court that there was an excess profits tax deficiency in the amount of $142,217.13, and an income tax deficiency attributable to the section 722 relief (in respect of excess profits tax) in the amount of $22,084.66.

The defendant contends that this second exclusion means that when the section 722 claim is only allowed in part and results in there being an excess profits tax deficiency rather than an overpay-ment, there is no refund or credit to reduce the interest on the income tax deficiency resulting from the partial allowance of the section 722 claim. The section 722 refund or credit of excess profits tax is zero and thus the full income tax deficiency exceeds that figure.

The plaintiff apparently has two contentions. The first is that interest was improperly collected on the $11,255.14 from September 15, 1944, to November 14, 1946, because that sum is the amount by which the $164,301.79 deficiencies, which were the $142,217.13 excess profits tax deficiency finally determined to be due plus the $22,084.66 income tax deficiency attributable to the section 722 relief, exceeded the $153,046.65 of excess profits taxes deferred. The plaintiff apparently takes the position that it only underpaid its taxes in the amount of $153,046.65. But that is not correct. The $153,046.65 was deferred, not paid. It would have been a deficiency if no section 722 relief had been allowed and interest would have been charged thereon. It would have been, and in this case was, a deficiency to the extent that the section 722 relief was insufficient to reduce the plaintiff's excess profits taxes to the amount of excess profits taxes actually paid. In addition, there was the $22,084.66 income tax deficiency, which, when added to the $142,217.13 excess profits tax deficiency, results in the plaintiff having underpaid its taxes in the amount of $164,301.79. This is the amount upon which interest has been collected and is the amount upon which the Senate Committee of Finance said interest should be paid.

The plaintiff's second contention is that regardless of whether there is an excess profits tax deficiency for that year by reason of the deferment, the taxpayer should not be required to pay interest on the income tax deficiency attributable to the relief except to the extent that the income tax deficiency attributable to the section 722 relief exceeds the section

---

1. 57 Stat. 601.

2. S.Rep.No.508, 78th Cong., 1st Sess., p. 2.

722 allowance before the allowance is applied against the excess profits tax deficiency. If this contention were correct, it would mean that the taxpayer, when it avails itself of the benefits of section 710(a) (5), would never have to pay interest on an income tax deficiency attributable to section 722 relief during the period here in dispute because the section 722 excess profits tax relief would of necessity always exceed the income tax deficiency attributable thereto. So construed, the second exclusion would have no meaning. This could not have been the intention of Congress.

■■ We are of the opinion that the defendant's construction of the second exclusion is correct. This second exclusion means that when there is in fact an excess profits tax refund or credit arising from the operation of section 722, the taxpayer only has to pay interest on the portion of the income tax deficiency attributable to the section 722 relief that exceeds the actual excess profits tax refund or credit. This results in the taxpayer paying interest only on the total amount of tax that it underpaid. In the instant case the application of the section 722 relief resulted in an excess profits tax deficiency because of the deferment by plaintiff of too large an amount of excess profits tax under section 710(a) (5). There was no credit or refund of excess profits tax arising from the operation of section 722. The section 722 relief was insufficient to pay the amount of excess profits tax due. Therefore, the clear terms of the second exclusion required that interest be paid on the full income tax deficiency attributable to the section 722 relief.

The defendant properly collected interest in this case under the second exclusion of section 292(b) on the income tax deficiency attributable to the section 722 relief.

The plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.